## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CT-01266-SCT

*AGNES CARR*

*v.*

*TOWN OF SHUBUTA*

## ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/96 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | C. VICTOR WELSH, III |
| | CRYMES G. PITTMAN |
| | PETER K. SMITH |
| ATTORNEYS FOR APPELLEE: | J. RICHARD BARRY |
| | MARK H. TYSON |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED -2/11/99 |
| MOTION FOR REHEARING FILED: | 3/12/99 |
| MANDATE ISSUED: | 5/6/99 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. This appeal evolves from a personal injury action filed by the appellant Agnes Carr against the Town of Shubuta because of injuries she received as a result of an alleged fall on a sidewalk constructed and maintained by the municipality. Summary judgment was granted based upon Carr's failure to comply with the notice of claim provisions of Miss. Code Ann. § 11-46-11 (Supp. 1998) of the Mississippi Tort Claims Act. Finding that Carr did in fact substantially comply with the notice of provisions of the Act, we reverse the judgment of the Court of Appeals and remand.

## FACTS

¶2. On October 13, 1993, Agnes Carr was injured when she slipped and fell on a public sidewalk in Shubuta, Mississippi, sustaining a broken and dislocated elbow requiring corrective surgery. Shortly after the incident a city police officer prepared an incident report which was turned in and submitted to the city clerk. On October 19, 1993, Carr signed a "Report of Public Liability" at the office of the city clerk.[1] This

document, provided by the city, contained all the information required by the notice of claim provisions of § 11-46-11, except the amount of damages sought, although her injuries were described generally, i.e. dislocated elbow, chipped bone, pulled ligament, loose teeth, scratches, and broken glasses. The notice also gave the name of her primary physician. Her monetary damages were unknown at the time as her medical treatment was ongoing. Correspondence between the city and its insurer, the Mississippi Municipal Liability Plan MMLP, obtained during discovery, indicates that Carr continued to inform the city of her condition.[2] It is uncontroverted that the mayor ultimately received notice of the accident and injury shortly afterward. There were numerous contacts, oral and written, between the MMLP adjuster and Carr and later Carr's counsel. A thorough investigation of the incident was promptly conducted by the city and the adjuster. The adjuster obtained copies of Carr's medical records through a release she timely executed in favor of the MMLP who by this time was acting on behalf of Shubuta and was actively engaged in settlement negotiations.

¶3. Settlement negotiations broke down, and on December 2, 1994, one year and ninety days after her fall, Carr filed the Circuit Court of Clarke County a personal injury lawsuit against the Town of Shubuta alleging that the town had failed to exercise ordinary and reasonable care in inspecting and maintaining the sidewalk. On December 1, 1994, her counsel had sent a letter to the city notifying same of his intent to file suit.

¶4. On December 30, 1994, the Town of Shubuta filed its answers and defenses to Carr's complaint and denied negligence on the part of the town and affirmatively asserted that Carr's claim was barred by the notice of claim provision of the Tort Claims Act, and secondly, that the claim was barred because the defect in the sidewalk was open and obvious. In granting summary judgment in favor of the Town of Shubuta, the trial court found that Carr had failed to comply with the notice requirements of Miss. Code Ann. § 11-46-11 (Supp. 1998), and did not address the "open and obvious" issue.[3]

¶5. The Court of Appeals, justifiably relying on previous opinions of this Court requiring strict compliance with the notice of claim provisions of the Act, affirmed the judgment of the trial court and denied the petition for rehearing. This Court granted certiorari on Carr's petition.

## ANALYSIS

¶6. In *Reaves v. Randall*, 97-CA-00972-SCT (Miss. Dec. 31, 1998), this Court adopted a substantial compliance standard with respect to the notice of claim requirements of the Tort Claims Act. To the extent that *Reaves* and the opinion in this case conflict with *City of Jackson v. Lumpkin*, 697 So. 2d 1179, 1182 (Miss. 1997), *Carpenter v. Dawson*, 701 So.2d 806, 808 (Miss. 1997), and *Holmes v. Defer*, 1998 WL 734997 (Miss. Oct. 22, 1998), which require strict compliance, Lumpkin, Carpenter, and Holmes are hereby overruled.

¶7. In *Pruett v. City of Rosedale*, 421 So. 2d 1046, 1052 (Miss. 1982), this Court abolished the judicially created doctrine of sovereign immunity for general tort liability, leaving the Legislature the responsibility to place limitations on governmental liability within constitutional limits. *Presley v. Mississippi State Highway Comm.*, 608 So. 2d 1288, 1291 (Miss. 1992)(plurality opinion).

¶8. Many other jurisdictions having notice of claim requirements as a prerequisite to filing suit against the state or political subdivisions have adopted substantial compliance in some form. Most of those have determined that the purpose of such a notice requirement is to give the governmental entity an opportunity to investigate the claim and notifying the appropriate agencies or officials of dangerous conditions or

inappropriate conduct to allow for corrective or remedial measures, as well as to permit or encourage amicable settlement with the citizenry and/or prepare a defense to the claim. *Felder v. Casey,* 487 U.S. 131, 142-43, 108 S.Ct. 2302, 2309, 101 L. Ed. 2d 123, 140-41 (1988); *Blohm v. Emmet County Bd. of County Road Comm.,* 565 N.W.2d 924, 926 (Mich. Ct. App. 1997); *Collier v. Prater,* 544 N.E.2d 497, 498 (Ind. 1989); *Fritsch v. St. Croix Central School Dist.,* 515 N.W.2d 328, 331 (Wis. Ct. App.1994).

¶9. However, such a requirement should not act as a barrier allowing the state to defeat totally the purpose of the act itself. Admittedly, the act is intended to limit the government's liability for tortious conduct, just as the Worker's Compensation Act was intended to limit the exposure of Mississippi employers, but it is also intended to allow for the orderly administration of legitimate claims against governments for such tortious conduct, and like the workers' compensation act, serves as an exclusive remedy for such claims. As the Indiana Supreme Court stated in *Collier, supra.,*

> The purpose of the notice statute being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary <u>where such purpose has in fact been satisfied.</u>

> Thus, a notice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Collier,* 544 N.E. 2d at 498-99 (emphasis in original, citatious omitted & <u>quoting Galbreath</u> <u>v. City of Indianapolis</u>, 255 N.E. 2d 225, 229 (1970).

¶10. In this case, the Town of Shubuta asserts two deficiencies in the form signed by Carr shortly after her fall. First, they allege that the notice was not delivered to the mayor, and second, that the notice did not make a claim for liquidated damages. In actuality, Carr went to the office of the city clerk. The Town of Shubuta, through the clerk, provided her the city's form for filing a claim. Carr was then assisted by the clerk in filling out the city's form, and, after dating and signing it, left the form with the clerk who in turn processed same and forwarded it to the MMLP. There is no dispute that the mayor was made aware of the claim and even participated directly in the investigation of the scene independently and in collaboration with the MMLP.

¶11. Furthermore, at the time Carr filled out the form, she listed all of her injuries in the appropriate space provided in the city's form and gave the name of her primary physician. At the time she executed the form, there is no way she could have possibly known a liquidated amount of damages as she was still being treated for her injuries, nor was she represented by counsel. It is also important to note that the city's form does not provide a blank for liquidated damages other than for an estimate for property damage. There is no dispute that the completed form disclosed the date and time of the accident, the nature/cause of the accident, persons/witnesses involved, and the exact location of the accident. There is also no dispute that the insurer was given a medical release to obtain Carr's medical records and did obtain those records in a timely fashion. Carr, and later her attorney, appear to have cooperated fully with the city and then its insurer throughout the investigation and settlement discussions. The record indicates that Carr and her attorney

were contacted directly by the insurer and dealt almost exclusively with the insurer. Then, after settlement negotiations broke down approximately one year and ninety days after the fall, and after Carr filed suit and discovery was completed, Shubuta and its insurer chose to avail themselves of the protection afforded by Carr's alleged failure of Ms. Carr to strictly comply with the notice of claim provisions of § 11-46-11. They are estopped.

¶12. In a similar case, the Wisconsin Court of Appeals applied the doctrine of estoppel to sustain such a claim where strict compliance with the notice requirements of that state's tort claim act was lacking. In *Fritsch v. St. Croix Central School Dist.,* 515 N.W.2d 328 (Wis. Ct. App.1994), Fritsch, a schoolteacher, was injured in an accident in which her vehicle was struck by a school bus. She subsequently missed several days of work and, upon her return, presented her immediate superior with a list of her damages and copies of medical bills. She was instructed to submit her damage claim directly to the school district's insurer. The insurer provided her with a more detailed accident and damage claim form which she completed and returned to the insurer. The insurer later paid a portion of her property damage claim while denying other portions. She was told that her claim for lost wages and medical bills would be recalculated and included in a final settlement after the completion of her medical treatment. As she was not represented by counsel, she dealt directly with the insurer, and shortly before the expiration of the statute of limitations, contact was discontinued, and just a few days short of the expiration of the statute, she filed a complaint for damages. The trial court dismissed the action on motion for summary judgment on the basis of her failure to comply with that the Wisconsin notice of claim provisions. On appeal the Wisconsin Court of Appeals said:

> The purpose of § 893.80, STATS., is to afford the government an opportunity to compromise and settle the claim without litigation. *Figgs v. Milwaukee*, 121 Wis.2d 44, 53, 357 N.W. 2d 548, 553 (1984). There is nothing in § 893.80 to suggest that the legislature intended any different or additional purpose for this statute. *Figgs,* 121 Wis.2d at 53-54, 357 N.W.2d at 553. Substantial, not strict, compliance with the notice statute is required. *Id.* at 55, 357 N.W.2d at 554. We conclude that a series of various bills and statements do not amount to a claim as required by §893.80(1)(b).

> However, we agree with Fritsch that the school district, and thereby Wausau Insurance, are estopped from using the itemized claim of relief sought requirement as a defense. Estoppel is action or nonaction that induces another's reliance thereon, either in the form of action or nonaction, to his or her detriment. The trial court concluded that the school district and Wausau Insurance were not estopped from asserting § 893.80(1)(b), STATS, because their conduct was not inequitable or fraudulent. However, while inequitable or fraudulent conduct has to be established to estop a party from asserting a statute of limitations defense, notice of claim statute, like a notice of injury statute, "is not a statute of limitation but imposes a condition precedent to the right to maintain an action." *Mannino v. Davenport*, 99 Wis.2d 602, 614, 299 N.W.2d 823, 828 (1981) (quoting *Nelson v. American Emp. Ins. Co.*, 262 Wis. 271, 276, 55 N.W.2d 13,15 (1952)). Therefore, inequitable or fraudulent conduct does not have to be established.

> Although the doctrine of estoppel is not applied as freely against governmental agencies as it is in the case of private persons, they are not immune. *DOR v. Moebius Print. Co.*, 89 Wis.2d 610, 638, 279 N.W.2d 213, 225 (1979).

> [W]e have recognized that estoppel may be available as a defense against the government if the government's conduct would work a serious injustice and if the public's interest would not be unduly

harmed by the imposition of estoppel. In each case the court must balance the injustice that might be caused if the estoppel doctrine is not applied against the public interests at stake if the doctrine is applied.

*Id.* at 638-39, 279 N.W.2d at 225-26 515 N.W. 2d at 331 (some citations omitted).

¶13. In this case, Carr and her attorney were dealing directly with the insurer until after the one year period for filing a notice of claim had expired. There is no dispute that settlement negotiations were ongoing during this period. Carr and her attorney may have justifiably believed that she had complied with the notice of claim requirements when she completed the claim form supplied by the city. Likewise, she could have reasonably presumed the notice was given to the mayor, and she was definitely aware that the MMLP had been notified and had investigated her claim. This reliance may be said to have been demonstrated by her failure to file an additional or amended notice letter prior to the expiration of the one year period for filing such. The Court has already stated:

This Court has long stated that equitable estoppel is available for individuals against municipalities. *Witherspoon v. City of Meridian*, 69 Miss. 288, 295, 13 So. 843, 844 (1891). Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party. *Izard v. Mikell*, 173 Miss. 770, 774, 163 So. 498, 499 (1935).

**Westbrook v. City of Jackson***, 665 So. 2d 833, 839 (Miss. 1995). Thus, the Town of Shubuta, as well as the MMLP, are estopped in this case from asserting that Carr gave inadequate notice.

¶14. Even though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an *ad hoc* basis.

¶15. In this case, Carr provided Shubuta with all of the required information except a liquidated amount of damages, although she stated the extent of her injuries in adequate detail. She was given the form by a city employee and assisted in completing the form. Furthermore, once her damages were ascertainable, the adjuster was made aware of same and actively pursued settlement with Carr and her attorney. It is not difficult to find in this case that Ms. Carr substantially complied with the notice of claim provisions of the act.

¶16. This case can be easily distinguished from *__City of Jackson v. Lumpkin__, 697 So. 2d 1179 (Miss. 1997)*, where Lumpkin failed to submit any notice of claim other than copies of bills and invoices to a city employee; *__Holmes v. Defer__, 1998 WL 734997 (Slip. Op. Oct. 22, 1998)* total failure to submit notice; and *__Carpenter v. Dawson__, 701 So. 2d 806 (Miss. 1997)*, where a two-sentence letter was sent only to the city's insurance adjuster. These cases would fail even under substantial compliance standards. *Carpenter, at 807-808.* However, as stated previously, Lumpkin, Holmes, and Carpenter are hereby overruled to the extent the they require strict compliance rather than substantial compliance.

¶17. The notice of claim form signed by Ms. Carr a few days after her fall was a sufficient notice of claim under the substantial compliance standard now adopted by this Court. Thus, statute of limitations would have been tolled for the additional ninety-five days to allow the filing of her complaint. Therefore, Carr's lawsuit was timely filed.

¶18. The decision of the Court of Appeals is Reversed, and the case is Remanded to the trial court for

proceedings consistent with this opinion.

¶19. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. This claim form appears to be a standardized insurance claim form, but it is undisputed that the city supplied the form to Carr and the city clerk assisted her in filling it out.

2. Shubuta did not own an independent insurance liability policy but was a member of the Mississippi Municipal Liability Plan (hereafter referred to as MMLP) pursuant to provisions of § 11-46-17 which is a form of self insurance .

3. Although the issue of the open and obvious defense affirmatively asserted by the town was not addressed by the trial court or the Court of Appeals, nor do we address it, except to say, see our holding in *Tharp v. Bunge Corp.,* 641 So. 2d 20, (Miss. 1994).