## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 97-CT-01492-SCT

*PAUL T. McCRARY*

*v.*

*CITY OF BILOXI, MISSISSIPPI*

### ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 10/21/1997 |
| TRIAL JUDGE: | HON. ROBERT H. WALKER |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ROBERT W. SMITH |
| ATTORNEY FOR APPELLEE: | MARY A. NICHOLS |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 2/17/2000 |
| MOTION FOR REHEARING FILED: | 3/2/2000; denied 5/4/2000 |
| MANDATE ISSUED: | 5/11/2000 |

## EN BANC.

## PITTMAN, PRESIDING JUSTICE, FOR THE COURT:

¶1. Paul McCrary, a police officer with the City of Biloxi, filed a petition to controvert with the Mississippi Worker's Compensation Commission. The ALJ and the Commission found the petition to be untimely filed and dismissed the petition. The circuit court affirmed, and McCrary appealed. His case was assigned to the Court of Appeals which, in a 5-4-1 decision, affirmed. *McCrary v. City of Biloxi*, No. 97-CC-01492-COA, 1999 WL 185687 (Miss. Ct. App. Apr. 6, 1999). McCrary subsequently filed a petition for writ of certiorari arguing that the City should be equitably estopped from asserting the time bar because City officials told him they would file a claim on his behalf. We granted certiorari on September 23, 1999. Because McCrary was misled by the City's representation that it would file his workers' compensation claim for him, we reverse and remand to the Mississippi Workers' Compensation Commission.

### FACTS

¶2. McCrary was a police officer employed with the City of Biloxi. On October 12, 1993, McCrary met with his superiors and informed them that he suffered from work-related depression which became so debilitating on August 18, 1993, he was unable to continue performing his job duties. On that day, McCrary completed the employee's first report of injury and the employee's selection of physician. McCrary alleges that during this meeting City officials told him that they would file his workers' compensation claim for him with the Commission.

¶3. The next day, the employer sent a completed notice of injury form, which is commonly referred to as a

Form B-3, to the Workers' Compensation Commission. In response, the Commission sent a notice dated November 25, 1993 to McCrary indicating that the employer had filed a notice of his work-related injury.

¶4. The City and its carrier began investigating McCrary's claim, and took a taped statement from McCrary on November 10, 1993. At the time, however, no medical benefits or work-related disability compensation by the City's workers' compensation carrier were being provided to him. McCrary retained an attorney in January of 1994, who sent a letter to the City and the carrier in order to place them on notice of his representation of McCrary. However, McCrary's attorney did not inform the Workers' Compensation Commission of his representation until January 30, 1996, when he sent a letter to the Commission along with two medical reports.

¶5. On February 14, 1994, the claims administrator contacted McCrary's counsel stating that McCrary's medical records from his treating psychologist were being requested. The letter further stated that the carrier would arrange for an independent medical examination in the near future. On March 30, 1994, counsel for the claims administrator requested a medical authorization from McCrary. Counsel for the claims administrator again requested medical authorizations on August 23, 1994, and on September 13, 1994. McCrary complied with these requests and two more requests for medical authorizations made by the counsel for the claims administrator after the first one was allegedly lost by the hospital.

¶6. On November 2, 1995, the Commission contacted the employer's claims administrator for a status report on the claim, and on February 12, 1996, the claims administrator notified the Commission that the employer was denying that the injury suffered by McCrary was work-related. In turn, the Commission notified McCrary on February 13, 1996, that the City was denying his injury was work-related. On March 20, 1996, the claims administrator wrote McCrary's counsel stating that McCrary's claim for benefits was being denied and that the two year statute of limitations had run on the claim.

¶7. McCrary then filed a Petition to Controvert with the Workers' Compensation Commission on April 1, 1996. The Administrative Law Judge and the Commission both found the petition to be untimely filed, and McCrary's petition was dismissed. He appealed to the circuit court which affirmed the decision of the Commission. McCrary appealed from the circuit court and his case was assigned to the Court of Appeals, which in a 5-4-1 decision, affirmed the dismissal of his petition. He then filed a petition for writ of certiorari which we granted.

## ANALYSIS

¶8. McCrary argues that a substantial compliance standard should be applied to the procedural mandates of the Mississippi Worker's Compensation Act, just as we did regarding the Mississippi Tort Claims Act in *Carr v. Town of Shubuta*, 733 So. 2d 261 (Miss. 1999). In response, the City argues that the analogy McCrary is attempting to make is improper and incorrect because notice, as is required under the Tort Claims Act, is not equivalent or comparable to initiating a legal action by filing a complaint or petition to controvert.

¶9. Miss. Code Ann. § 71-3-35(1) states in relevant part:

> Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.

¶10. McCrary admits that he did not file his petition to controvert within the two year time limitation set forth by Miss. Code Ann. § 71-3-35(1). However, he argues that because his employer told him that the City would file a claim for him on his behalf, it should be estopped from asserting the statute of limitations. We find *Mississippi Department of Public Safety v. Stringer*, 1999 WL 353025 (Miss. June 3, 1999), to be instructive.

¶11. In that case, Stringer was involved in an automobile collision with a vehicle driven by an employee of the Mississippi Department of Public Safety. Stringer filed an accident report with the Mississippi Highway Safety Patrol and sent a letter to the state claims investigator, but never filed a notice of claim as required by the Mississippi Tort Claims Act. Stringer subsequently filed a complaint against the Mississippi Department of Public Safety and the driver of the vehicle. *Stringer* at ¶ 1.

¶12. The question before us was, "[w]hether the action was commenced within the time period allowed pursuant to the Mississippi Tort Claims Act, Miss.Code Ann. § 11-46-1 to -23 (Supp.1993)." *Id.* at ¶ 3. In finding that the action was not timely filed, we stated:

> After careful research, we find no precedent where this Court has applied the doctrine of equitable estoppel to excuse a plaintiff's failure to comply with the statute of limitations of the Tort Claims Act. We have allowed the doctrine to estop the sovereign's assertion that a claimant did not substantially comply with the pre-suit notice of claim provisions of the Act. In *Carr v. Town of Shubuta*, No. 96-CT-01266-SCT, 1999 WL 62772 (Miss.1999), we found that the "Report of Public Liability" which Carr completed at the office of the city clerk sufficiently complied with the pre-suit notice of ) claim provisions of the Tort Claims Act. We held that where the form had been provided by the office of the city clerk and settlement negotiations were ongoing, the city was estopped from asserting that the notice of claim form was not in substantial compliance with the notice provisions of the Act.

> *Carr* is not applicable to the present case. We need not reach the question of whether Stringer's notice of claim was sufficient because Stringer neglected to file his claim until two years after the accident occurred. The applicable statute of limitations provides for one year plus ninety-five days from the time of the accident, provided that the claimant complies with the notice provisions of the Act. In *Carr* we cited favorably a Wisconsin Supreme Court case in which that court remarked that a notice of claim statute is "not a statute of limitation but imposes a condition precedent to the right to maintain an action." *Carr v. Town of Shubuta*, 1999 WL 62772, *4 (quoting *Mannino v. Davenport*, 99 Wis.2d 602, 614, 299 N.W.2d 823, 828 (1981)). We have previously held that the timely filing of notice is a jurisdictional issue. *City of Jackson v. Lumpkin*, 697 So.2d 1179, 1181 (Miss.1997), *overruled on other grounds, Carr v. Town of Shubuta*, 1999 WL 62772 (Miss.1999). Notice may substantially comply with the statute so long as it is timely filed. Additionally, while inequitable or fraudulent conduct does not have to be established to estop an assertion of an inadequate notice of claim defense, inequitable or fraudulent conduct must be established to estop a party from asserting a statute of limitations defense. *Carr v. Town of Shubuta*, 1999 WL 62772, (citing *Mannino v. Davenport*, 99 Wis.2d 602, 614, 299 N.W.2d 823, 828).

*Stringer* at ¶¶ 10-11.

¶13. We went on to explain:

> We have long held that the elements of equitable estoppel are as follows:

> Conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party's ignorance of the true facts, and reliance to his damage upon the representation or silence. The burden of establishing the elements of an estoppel is on the party asserting the estoppel. The existence of the elements of an estoppel must be established by the preponderance of the evidence.

*Chapman v. Chapman*, 473 So.2d 467, 470 (Miss.1985) (citations omitted).

> Although under certain circumstances a defendant's actions may be such that estop that defendant from claiming the protection of a statute of limitations, we do not agree that equitable estoppel should be applied so liberally as to allow a plaintiff to assert estoppel where no inequitable behavior is present. Statutes of limitations are well established in our judicial system.

> . . . . . . . . . . . . . .. . . . . .

> We find no allegation or evidence that the State misled Stringer to believe that he need not comply with the notice and statute of limitations provisions in the statute. Although settlement negotiations were ongoing between the parties, there was never any representation by the Appellants that the statute of limitations was tolled. **Never did Stringer allege that the Appellants led him to believe that he need not comply with the statute, or that he had already complied with the statute**. He vaguely alleges that he was given assurances that "he was doing what was proper to pursue his claim." There is simply no evidence to support a claim of equitable estoppel in this case.

*Stringer* at ¶¶ 12-20 (emphasis added).

¶14. In the present case, McCrary alleges that the City assured him that it would file his claim for him. He argues that statement made by city officials, coupled with the fact that settlement negotiations were ongoing and the Act is to be liberally construed in favor of compensation, is sufficient to establish his claim of equitable estoppel.

¶15. In reference to workers' compensation claims, we have stated:

> The law looks with disfavor on strained and technical interpretations of statutes regarding notice of injury, and even in cases where no timely notice was given, the tendency is to temper the literal harshness of statutory bars by the recognition of various excuses and permitting waivers and exceptions.

*Port Gibson Veneer & Box Co. v. Brown*, 226 Miss. 127, 132, 83 So.2d 757, 759 (1955). In addition, this Court has stated:

> We are reminded that workers' compensation law is to be liberally and broadly construed, resolving doubtful cases in favor of compensation so that the beneficent purposes of the act may be accomplished. *Marshall Durbin Companies v. Warren*, 633 So.2d 1006, 1010 (Miss.1994)*; General Electric Co. v. McKinnon*, 507 So.2d 363, 367 (Miss.1987); *Barham v. Klumb*

*Forest Products Center, Inc.*, 453 So.2d 1300, 1304 (Miss.1984).

*Delaughter v. South Cent. Tractor Parts*, 642 So.2d 375, 379-80 (Miss. 1994).

¶16. We have applied estoppel to workers' compensation cases in the past. In *Holbrook By and Through Holbrook v. Albright Mobile Homes, Inc.*, 703 So.2d 842 (Miss. 1997), we held that an employer was estopped from claiming that the two-year statute of limitations on a workers' compensation claim was not tolled, where the employer failed to timely file the statutorily-required notice of fatal termination of injury.

¶17. In the present case, the City of Biloxi failed to file a Notice of Controversy after knowledge of the injury as is required by Miss. Code Ann. § 71-3-37(4)(1995), which provides:

> If the employer controverts the right to compensation he shall file with the commission, on or before the fourteenth day after he has knowledge of the alleged injury or death, a notice in accordance with a form prescribed by the commission, stating that the right to compensation is controverted, the name of the claimant, the name of the employer, the date of the alleged injury or death, and the grounds upon which the right to compensation is controverted. Failure to file this notice shall not prevent the employer raising any defense where claim is subsequently filed by the employee, nor shall the filing of the notice preclude the employer raising any additional defense.

¶18. While it is true that the failure to file the required notice by itself does not prevent the employer from raising the statute of limitations defense, this is a factor to be considered in the overall scheme. Considering that the City failed to file the required statutory Notice of Controversy, told McCrary it would file his claim and engaged in settlement negotiations for a substantial period of time, taken in conjunction with the fact that the Workers' Compensation Act is to be liberally and broadly construed in favor of the compensation, we find that the City is estopped from asserting the statute of limitations bar in this case. McCrary relied on the City's representations to his detriment in this case. Therefore, the judgments of the Court of Appeals, the circuit court, and the Commission are reversed, and this case is remanded to the Mississippi Workers' Compensation Commission for further proceedings consistent with this opinion.

## CONCLUSION

¶19. The fact that the City failed to file the statutorily required Notice of Controversy, told McCrary it would file his claim and engaged in settlement negotiations for a significant period of time, coupled with the liberal construction to be given to the Worker's Compensation Act, justified McCrary's reliance on the statement of the City that it would file his claim. In addition McCrary relied on the representations of the City to his detriment. Therefore, the judgments of the Court of Appeals, the circuit court, and the Commission are reversed and this case is remanded to the Mississippi Worker's Compensation Commission for proceedings consistent with this opinion.

¶20. **REVERSED AND REMANDED.**

**PRATHER, C. J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**