## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 98-IA-00319-SCT

*TENNESSEE VALLEY REGIONAL HOUSING AUTHORITY*

*v.*

*RICHARD BAILEY*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/24/1998 |
| TRIAL JUDGE: | HON. BARRY W. FORD |
| COURT FROM WHICH APPEALED: | PONTOTOC COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | WENDELL H. TRAPP, JR. |
| | WILLIAM HULL DAVIS, JR. |
| ATTORNEYS FOR APPELLEE: | JIMMY D. SHELTON |
| | CHRISTOPHER G. EVANS |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED; REMANDED - 05/06/1999 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 5/27/99 |

**BEFORE PRATHER, C.J., MILLS AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. This case involves interpretation of the "notice of claim" provision of the Mississippi Tort Claims Act found in Miss. Code Ann. § 11-46-11(1) (Supp. 1998). The Appellee, Richard Bailey (hereinafter "Bailey"), has sought to maintain a tort action against the Appellant, Tennessee Valley Regional Housing Authority (hereinafter "TVRHA"), a governmental entity covered by the Mississippi Tort Claims Act (hereinafter "MTCA"). TVRHA claims that the TVRHA Manager of Public Housing with whom "notice of claim" was filed is not the chief executive officer of TVRHA, and that Bailey's case should be dismissed. Bailey contends that TVRHA has no identifiable chief executive officer, and that Bailey's knowing, good faith notification of an appropriate and foreseeable official of TVRHA satisfies MTCA's notice requirement.

¶2. The trial judge found that the facts of this controversy were distinct from previous Mississippi cases, and that TVRHA could not conclusively identify its chief executive officer in briefs, argument, or affidavit. Thus, the trial court held that Bailey had satisfied the notice requirement of the MTCA and denied TVRHA's Motion to Dismiss or in the Alternative Motion for Summary Judgment.

¶3. However, an interlocutory appeal was permitted and this Court granted appeal. In this interlocutory appeal, TVRHA raises the following issues:

**I. WHETHER TVRHA IS A GOVERNMENTAL ENTITY COVERED BY THE MISSISSIPPI TORT CLAIMS ACT.**

**II. WHETHER BAILEY FAILED TO ADHERE TO THE REQUIREMENT OF THE MISSISSIPPI TORT CLAIMS ACT BY FAILING TO PROVIDE "NOTICE OF CLAIM" TO THE "CHIEF EXECUTIVE OFFICER" OF TVRHA?**

**III. WHETHER BAILEY FAILED TO OFFER PROOF REQUIRED IN ORDER TO WITHSTAND SUMMARY JUDGMENT?**

## STATEMENT OF THE FACTS

¶4. Bailey is an adult resident of Pontotoc County, Mississippi. TVRHA is a public regional housing authority organized and existing under the provisions of Miss. Code Ann. §§ 43-33-101 *et seq.* (1993).

¶5. Bailey contends that he sustained injuries when he fell on April 16, 1996, in an apartment owned by TVRHA. As a result of the injuries claimed by Bailey to have resulted from his fall, he filed suit in the Circuit Court of Pontotoc County, Mississippi, on July 18, 1997, against TVRHA. Aware of the requirements of the MTCA, Bailey contacted the TVRHA office in Corinth, Mississippi and inquired as to who was the chief executive officer. Bailey was directed to Marty Sellers, TVRHA's Manager of Public Housing and thus, on March 24, 1997, prior to filing suit, Bailey, through his attorney, sent a letter indicating it was a Notice of Claim to Marty Sellers, Public Housing Manager, TVRHA. TVRHA claimed that at no time had Marty Sellers been the chief executive officer. In response to the suit filed by Bailey, TVRHA filed its Answer and Defenses offering the following as an affirmative defense:

### SEVENTH DEFENSE

Without limiting the generality of any of the foregoing, this Defendant would assert that Plaintiff has failed adequately to comply with the notice provisions contained in Section 11-46-1, et seq., of the Mississippi Code (1972, as amended), and therefore this cause of action should be dismissed.

¶6. In addition, TVRHA filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment specifically alleging the Bailey had failed to serve the statutorily mandated notice of claim upon the chief executive officer of TVRHA. In support of its motion, TVRHA attached and filed with the circuit court an affidavit of Thomas Coleman, who unequivocally stated that Marty Sellers, the person to whom Bailey attempted to provide the statutory notice of claim, had never been the chief executive officer of TVRHA. The affidavit failed to specify, however, who in fact was TVRHA's chief executive officer.

¶7. At the motion hearing, arguments were made by the parties, and both parties cited the Coleman affidavit in support of their positions. After hearing argument of counsel, the trial court denied TVRHA's motion for summary judgment, but in doing so advised TVRHA that the court would allow an interlocutory appeal. Subsequently, an Order Amending Order Overruling Defendant's Motion for Summary Judgment was entered to accomplish that purpose. We likewise granted the Petition for Interlocutory Appeal filed by

TVRHA.

## I. WHETHER TVRHA IS A GOVERNMENTAL ENTITY COVERED BY THE MISSISSIPPI TORT CLAIMS ACT.

¶8. Both parties agree that TVRHA is statutorily recognized as a "governmental entity" for the purposed of the MTCA, and as such, the requirements and procedures established by the Mississippi Legislature for bringing tort suits against governmental entities must be satisfied before Bailey can successfully maintain a suit against TVRHA. Thus, TVRHA first assignment of error is moot and will not be discussed.

## II. WHETHER BAILEY FAILED TO ADHERE TO THE REQUIREMENT OF THE MISSISSIPPI TORT CLAIMS ACT BY FAILING TO PROVIDE "NOTICE OF CLAIM" TO THE CHIEF EXECUTIVE OFFICER OF TVRHA?

¶9. TVRHA asserts that the notice letter Bailey sent to Marty Sellers did not meet the requirements of the MTCA. TVRHA claims that Marty Sellers was not the proper chief executive officer and that Bailey's suit should be dismissed for failure to strictly comply with the MTCA notice requirements as prescribed by Miss. Code Ann. § 11-46-11 (Supp. 1998). Bailey contends that he was well aware of the MTCA "notice of claim" provisions and made a good faith effort to comply. Bailey notes that TVRHA was not able to identify its chief executive officer. He asserts that in attempting to locate TVRHA's chief executive officer, Bailey was directed to Marty Sellers, TVRHA's Manager of Public Housing, on whom the required notice was served. Therefore, Bailey contends that there was strict compliance with Miss. Code Ann. § 11-46-11 (Supp. 1998), as there was not an identifiable chief executive officer.

¶10. The Mississippi Tort Claims Act is set out at Miss. Code Ann. §§ 11-46-1 *et seq.* (Supp. 1998). Section 11-46-11[1] states:

> (1) After all procedures within a governmental entity have been exhausted, any person having a claim for injury arising under the provisions of this chapter against a governmental entity or its employee shall proceed as he might in any action at law or in equity; provided, however, that ninety (90) days prior to maintaining an action thereon, such person shall file a notice of claim with the chief executive officer of the governmental entity, and, if the governmental entity is participating in a plan administered by the board pursuant to Section 11-46-7(3), such chief executive officer shall notify the board of any claims filed within five (5) days after the receipt thereof.

> (2) The notice of claim required by subsection (1) of this section shall be in writing, delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

> (3) All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after; provided, however, that the filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all

actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

¶11. In early cases construing the MTCA, this Court applied a standard of strict compliance to the § 11-46-11 notice of claim requirement. However, in *Reaves v. Randall*, 97-CA-00972-SCT, 1998 WL 909578 (Miss. Dec. 31, 1998), this Court initially applied a substantial compliance standard. Then, in *Carr v. Town of Shubuta*, No. 96 -CT-01266-SCT, 1999 WL 62772, (Miss. Feb. 11, 1999), we overruled the cases of *City of Jackson v. Lumpkin*, 697 So.2d 1179, 1182 (Miss.1997), *Carpenter v. Dawson*, 701 So.2d 806, 808 (Miss.1997), and *Holmes v. Defer*, 722 So.2d 624 (Miss. 1998), to the extent that they required strict compliance.

¶12. In *Carr,* we elaborated, "[e]ven though this Court now finds substantial compliance to be sufficient, we stress that substantial compliance is not the same as, nor a substitute for, non-compliance. The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis." *Carr*, 1999 WL 62772, at *5. Accordingly, it is necessary to determine if Bailey's letter of notice served on Marty Sellers was sufficient notice of his claim under the substantial compliance standard now applied by this Court. In order to reach this conclusion, it must be determined whether the notice given to Marty Sellers, TVRHA's Manager of Public Housing, qualified as notice to a "chief executive officer" as prescribed by §11-46-11(1).

¶13. As stated previously, a letter of notice to the chief executive officer of the governmental entity is the only means the Legislature prescribed through which sovereign immunity may be reached. However, until *Reaves*, the term "chief executive officer of the governmental entity" was undefined. The language was deemed overly broad. Thus, the Court held that in order to give reasonable meaning to the statute, this term could be read to include any of the following: "president of the board, chairman of the board, any board member, or such other person employed in an executive capacity by a board or commission who can be reasonably expected to notify the governmental entity of its potential liability." *Reaves*, 1998 WL 909578, at *4. "The purpose of the Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." *Id.*

¶14. When the simple requirements of the Act have been substantially complied with, jurisdiction will attach for the purposes of the Act. In the present case, this Court finds that Bailey substantially complied with the notice provisions of the Act. His notice letter, sent to Marty Sellers, TVRHA's Manager for Public Housing, lists the persons involved in the accident, when the accident occurred, and the circumstances which brought about the injury. Furthermore, it is apparent from the record that Bailey's attorney contacted TVRHA offices in Corinth to inquire as to who was the chief executive officer. The office responded that TVRHA did not have a specific chief executive officer. Bailey's attorney then explained that this was a claim originating from the public housing division of TVRHA. It was then that the individual on the telephone provided Marty Sellers' name as the Manager of Public Housing for TVRHA. Marty Sellers is employed by TVRHA in an executive capacity and through the letter he received, the TVRHA board of commissioners was put on notice of the claim. The board had a duty to inquire into the details of the claim. The notice of claim letter received by Marty Sellers was sufficient notice of claim under the substantial

compliance standard now applied by this Court. Therefore, this assignment of error raised by TVRHA is without merit.

### III. WHETHER BAILEY FAILED TO OFFER PROOF REQUIRED IN ORDER TO WITHSTAND SUMMARY JUDGMENT?

¶15. The court below properly denied TVRHA's motion for summary judgment against Bailey since his notice of claim letter substantially complied with the notice requirement of Miss. Code Ann. § 11-46-11(1). As such, Bailey's suit was properly before the trial court. The decision of the trial court should be affirmed.

### CONCLUSION

¶16. Marty Sellers was employed by TVRHA in an executive capacity and on these facts the notice of claim letter he received was sufficient notice as required under the substantial compliance standard now adopted by this Court. Consequently, the trial court was correct in denying TVRHA's Motion to Dismiss, or in the Alternative Motion for Summary Judgment. Therefore, we affirm the judgment of the Pontotoc County Circuit Court and remand this case for proceedings consistent with this opinion.

¶17. **AFFIRMED. REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. Miss. Code Ann. § 11-46-11 has been clarified through legislation which passed and took effect March 25, 1999. 1999 Miss. Laws Ch. 469 (HB 778).