SOUTHWICK, P.J.,
for the Court.
¶ 1. Service of process on the defendants was untimely, but the trial court found that good cause for the delay existed. The defendants’ appellate argument is that no good cause was ever shown for the eleven day delay in service. Permitting a suit to continue despite a delay in service is a matter for the sound discretion of the trial judge. We find no abuse of that discretion and affirm.
¶ 2. The merits of the litigation are not an issue on appeal. Instead, the question today is solely one of procedure. Mike Windham was the defendant in a suit in Jasper County Circuit Court that had commenced in 1997. On September 15, 1999, Windham filed a third party complaint in that litigation against Francisco Tunek and Miguel Lazano. No summons were issued for service on the third party defendants until December 29, 1999, over three months after Windham filed the third party complaint. It is the effect of the late service of those two summons that concerns us.
¶ 3. On January 12, 2000, a deputy sheriff went to the Lazano residence. Lazano was not there, and the summons and complaint were left with his wife. The next day, copies of the summons and complaint were mailed by the deputy to that address. Service on the other defendant, Tunek, was attempted by the same deputy sheriff on January 14, 2000. The summons and complaint were left with Tunek’s wife, and that same day copies were mailed to the address.
¶4. The delivery to the Lazano residence was 119 days and to the Tunek residence 121 days after the third party complaint was filed. A rule that we will discuss makes this form of service complete 10 days after the mailing that is supposed to follow the personal delivery.
¶ 5. Tunek and Lazano in them answers to the third part complaint raised the defense of improper service. On January 22, 2002, they filed motions to dismiss based on late service of process. A hearing was *188 held on March 22, 2002. The trial judge denied the motion and asked Windham’s counsel to prepare an order. Tunek and Lazano’s joint counsel alleges that he contacted the court clerk on a weekly basis to determine if an order had been entered. Those calls and other efforts failed to produce an order, and thus the losing counsel prepared an order for signature. The order eventually was entered on July 3, 2002. An interlocutory appeal from that order was requested. The Supreme Court permitted the interlocutory appeal, the final order removing all objections being entered by the Court on December 26, 2002. The appeal initially was retained for decision by the Supreme Court, by that Court’s order of May 15, 2003. However, on February 16, 2004, retention was reconsidered and the appeal was deflected to this Court.
DISCUSSION
¶ 6. There are two basic issues that face us. One is the manner of computing the time for service of process when service is by delivery to a defendant’s residence, leaving the summons and complaint with someone other than the defendant, and then mailing the same documents. The other issue is the sustainability of the finding in this case of good cause for delayed service of process.

1. Time for service of process

¶ 7. By uniform court rule, service of process and of a complaint is to be had on a defendant within 120 days after a complaint is filed. M.R.C.P. 4(h). Service may be obtained by delivery of the summons and complaint to a defendant’s spouse at the usual place of residence, provided that copies of the same documents are then mailed to that residential address. M.R.C.P. 4(d)(1)(A). Service in that manner “is deemed complete on the 10th day after such mailing.” Id.
¶ 8. The trial judge computed the number of days by beginning on the day after the filing of the complaint and ending on the tenth day after the summons and complaint were mailed. The parties agree that under this method of computation, service was complete on Lazano on day 130 and on Tunek on day 131. The plaintiff argues that the ten days mentioned in the rule should not be included in the computation, that we should not give undue weight to the phrase “deemed complete” in Rule 4(d)(1)(A). We give that phrase the weight it deserves. If the defendant is not found at the usual place of abode and the proper documents are left with some other person, service has not occurred until the tenth day after the mailing of another copy of these documents. Service is to be completed within 120 days, not just commenced. Service on the defendants was untimely.

2. Good cause for delay in service

¶ 9. Even if service is not completed within 120 days, the party who sought the service may “show good cause why such service was not made” within 120 days of the filing, and the suit will not be dismissed. M.R.C.P. 4(h). Tunek and La-zano argue that no evidence about good cause was ever presented. Counsel for the third party plaintiff, Windham, never attempted to justify the delay. His only effort at explaining the late service was that he was not the counsel at the time of the delayed service two years prior to the hearing. Windham’s counsel wished to take the new parties’ depositions and that was the issue he addressed at the hearing. Without requiring any more to be said by Windham’s counsel, the trial judge denied the motion because the delay had been *189 brief. Causation did not concern the trial judge, only the slightness of the delay.
¶ 10. The defendants insist that the closeness to a timely filing is not the measure of good cause. Whether service was at 121 days after the suit was filed or 221 days, it is argued that there must be some justification offered for the delay. That is true enough, but what is a sufficient cause for a slight delay may well be evaluated differently than the cause of much greater tardiness.
¶ 11. Two preliminary steps in the analysis should be taken first. The decision as to the rightness of the cause for delay is a discretionary matter for the trial judge, to be reviewed on appeal for an abuse of that discretion. Rains v. Gardner, 731 So.2d 1192, 1196 (Miss.1999). Additionally, a plaintiff is to be diligent in obtaining service of process, and inattention or negligence in seeking proper service within adequate time to comply with the 120 day deadline is usually not enough to constitute good cause. Bang v. Pittman, 749 So.2d 47, 52 (Miss.1999).
¶ 12. The two precedents that we just cited involve review of a trial judge’s refusal to find good cause. Had the trial judge in the present case granted the motion to dismiss based on what was before him, we have no difficulty in concluding that we would affirm. Whether discretion is broad enough to permit the refusal to dismiss is a more difficult matter. Since discretion is involved, one judge may look at a set of facts and find good cause, while another may examine quite similar events and find otherwise. What is an adequate level of diligence or sufficient indicia of negligence is to be measured initially by the trial judge. If there is neglect, the trial judge must find it to be excusable. LeBlanc v. Allstate Ins. Co., 809 So.2d 674, 677 (Miss.2002).
¶ 13. We summarize the facts. There was a relatively slight delay in service of process, service that had occurred two years earlier in the case. The present counsel was not the one who had' been involved in the delay and had no personal knowledge about the reasons for it. He apparently also did not seek an explanation from his predecessor in the case. A dismissal would have required a new service of process and new issues potentially to be resolved on the effect of that service. We must take our guidance from the state’s highest court in determining whether to apply procedural rules strictly. The Supreme Court flexibly interprets statutes and rules, to the end that substantial justice will be done. E.g., Miller v. State, 875 So.2d 194 (¶ 10) (Miss.2004) (since it did not explicitly bar it, sentencing statute permitted unsupervised supervision); McGruder v. State, 2001-CT-01542-SCT, 886 So.2d 1 (¶ 4) (Miss.2003) (when justice demands, court will waive deadline for an appeal in criminal case); Carr v. Town of Shubuta, 733 So.2d 261, 265 (Miss.1999) (substantial compliance with statutory notice procedure for suing government is sufficient).
¶ 14. Though no factual justification was given, the other considerations that we have noted could be evaluated in deciding whether the interests of “just, speedy, and inexpensive determination” of the suit would be secured by dismissal. M.R.C.P. 1. Denying the motion to dismiss was within the court’s broad discretion. There was no good cause shown for the delay in service, but there was good cause for allowing the litigation to proceed. That is, on these facts at least, enough.
¶ 15. THE JUDGMENT OF THE JASPER COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS ARE ASSESSED TO THE APPELLANTS.
*190 KING, C.J., BRIDGES P.J., LEE, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.