Bobbie Jean **CARPENTER** Plaintiff

v.

**Elaine Ruth REINHARD,
M.D. Defendant**

**No. 4:04CV56.**

United States District Court,
N.D. Mississippi,
Greenville Division.

Nov. 22, 2004.

George F. Hollowell, Jr., Hollowell Law Firm, Greenville, MS, for Bobbie Jean Carpenter, Plaintiff.

James A. Becker, Jr., Watkins & Eager, Jackson, MS, for M.D. Elaine Ruth Reinhard, Defendant.

## MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the Court on the defendant's motion for summary judgment [14–1]. The Court has reviewed the briefs and exhibits and is prepared to rule.

The plaintiff is Bobbie Jean Carpenter, a resident of Belzoni, Mississippi. The defendant is Dr. Elaine Ruth Reinhard, a resident of Tennessee. On July 7, 2003, Carpenter filed this complaint in the Humphreys County Circuit Court against Reinhard, alleging medical malpractice stemming from Dr. Reinhard's treatment of her at the Humphreys County Memorial Hospital ("the hospital") on August 25, 2002. Dr. Reinhard now seeks summary judgment. The sole issues for consideration in the instant motion are whether Dr. Reinhard is entitled to immunity under the Mississippi Tort Claims Act (the "MTCA") and whether Carpenter complied with the medical malpractice notice provision contained in Miss.Code Ann. § 15–1–36(15).

With regard to Dr. Reinhard's MTCA immunity, the parties disagree sharply on whether she falls under the statute. While Reinhard claims to be an employee of the hospital, Carpenter asserts that she is actually an employee of a private corporation, EmCare Physicians Services, which contracted her out to the hospital. Reinhard's true employment status is ambiguous. Accordingly, the Court finds that there are disputed issues of fact

which preclude summary judgment on that issue, including but not limited to (1) the nature of her contractual relations with the hospital and with EmCare Physicians Services, (2) the nature of the business relationship between the hospital and EmCare Physicians Services, and (3) whether the hospital denies employing Dr. Reinhard as Carpenter avers in her brief.

Turning to the question of notice, Miss Code Ann. § 15–1–36(15) states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss.Code Ann. § 15–1–36(15). This provision was added to the Mississippi Code as part of the Medical Malpractice Tort Reform Act of 2002 (the "MMTRA"), and it applies to all medical malpractice claims filed after January 1, 2003, including this one.

Reinhard, relying on the plain language of the statute, argues that she never received any notice of Carpenter's claims prior to receiving the complaint and that the complaint should therefore be dismissed without prejudice. Carpenter responds that she sent Dr. Reinhard notice at the best available address on March 31, 2003 and that she received a response letter dated April 10, 2003 which purported to be from Dr. Reinhard's malpractice insurer. This letter stated that the insurer would be defending Dr. Reinhard and would forward a copy of the notice to her. Carpenter did not file suit until 88 days after the date on the response letter. Carpenter argues that this amounts, at the very least, to substantial compliance with § 15–1–36(15).

The parties agree that no case law interpreting § 15–1–36(15) has been developed by either the Mississippi Courts or the Fifth Circuit, and this Court's own research indicates that this is a case of first impression under Mississippi law. When faced with such an unsettled question of substantive state law in the context of a diversity case, this Court must make an "Erie-guess" as to how the Mississippi Supreme Court would answer the question. *Mayo v. Hartford Life Ins. Co.*, 354 F.3d 400, 406 (5th Cir.2004)(explaining the "Erie-guess").

While there is no Mississippi law interpreting the notice requirements of the MMTRA, the Court is aware of how the Mississippi Supreme Court has interpreted the notice requirements of other statutes governing tort claims. Most notably, the Mississippi Tort Claims Act ("MTCA") contains a notice requirement that must be satisfied prior to the filing of a lawsuit against a Mississippi governmental entity. Miss.Code Ann. § 11–46–13(2). Such notice:

> shall be in writing, and shall be delivered in person or by registered or certified United States mail. Every notice of claim shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury,

the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.

Miss Code Ann. § 11–46–13(2). In interpreting the notice provision of the MTCA, the Mississippi Supreme Court required strict compliance from plaintiffs until 1998, when the court held that substantial compliance was all that was needed in order to satisfy § 11–46–13. *Reaves v. Randall,* 729 So.2d 1237 (Miss.1998). Later, the Supreme Court provided the following standard for determining whether a plaintiff substantially complied with the notice provisions of the MTCA:

> What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and contains sufficient information which reasonable (sic) affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.

*Harris v. Mississippi Valley State University,* 873 So.2d 970, 989 (Miss.2004)(quoting *Carr v. Town of Shubuta,* 733 So.2d 261, 263 (Miss.1999))(emphasis removed). In *Powell v. City of Pascagoula,* the Supreme Court indicated that it would find substantial compliance with the MTCA "when it appeared that a good faith effort had been made to provide the information to which they had access, and which they believed was required and to notify the party whom they reasonably believed was responsible for acceptance of the notice." 752 So.2d 999, 1005 (Miss.1999).

In comparing the notice provisions of § 15–1–36(15) and § 11–46–13, the Court notes that the MTCA's notice provision is clearly more stringent than that of the MMTRA. Persons who seek to sue a physician under the MMTRA must only provide "the defendant" with written notice of the intent to bring the action. No particular form of notice is required, except that the notice must inform the physician-defendant of the legal basis of the claim and the type of loss suffered (including the nature of injuries with specificity). There is no requirement regarding how the notice is to be delivered to the defendant. In contrast, notice under the MTCA must be written, must be delivered "in person or by registered or certified United States mail," and must contain "a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice."

■ After comparing the two statutes and considering the way in which the Mississippi Supreme Court has interpreted the MTCA's notice provision, this Court is of the opinion that the Mississippi Supreme Court would require only substantial compliance with § 15–1–36(15) rather than strict compliance as the defendant urges. The Court further concludes that, in the context of § 15–1–36(15), substantial compliance means that the plaintiff has made a good faith effort to provide the defendant or someone who the plaintiff reasonably believed could receive notice on the defendant's behalf with written notice indicating (1) the intent to bring suit, (2) the legal basis for the suit, and (3) the

nature of the damages suffered, with any medical injuries described with specificity.

 Accepting the undisputed claims of the plaintiff as true, the Court assumes (1) that Carpenter sent notice to Dr. Reinhard at the best available address on March 31, 2003, (2) that Carpenter received a response letter dated April 10, 2003 stating that Dr. Reinhard's malpractice insurer would be defending her and would forward a copy of the notice to her, (3) that the response letter did not indicate that notice should have been sent to a different address, nor did it provide a different address for Dr. Reinhard, and (4) that Carpenter waited 88 days after receiving the response letter before filing suit. Accepting all of these facts as true (or at the very least as disputed issues of fact), the Court finds that Carpenter did substantially comply with § 15–1–36(15). Accordingly, Dr. Reinhard is not entitled to summary judgment on this issue.

ACCORDINGLY, based on the foregoing analysis, it is hereby ORDERED that the defendant's motion for summary judgment [14–1] is DENIED. A separate order to that effect shall issue this day.

### *ORDER*

Pursuant to the memorandum opinion issued this day, it is hereby ORDERED that the defendant's motion for summary judgment [14–1] is DENIED. A separate order to that effect shall issue this day.