GRAVES, Presiding Justice,
Dissenting.
¶ 60. I have previously expressed my disagreement with this Court’s interpretation and application of the ninety-day-no-tiee requirement and the requirements regarding the contents of a notice of claim under Mississippi Code Section 11-46-11 of the Mississippi Tort Claims Act (MTCA), as well as the sixty-day-notice requirement under Mississippi Code Section 15-1-36(15) of the Medical Malpractice Tort Reform Act (MMTRA). See Bunton v. King, 995 So.2d 694, 697-98 (Miss.2008) (Graves, J., dissenting) (addressing Section 11 — 46—11(1)); Arceo v. Tolliver, 949 So.2d 691, 698-704 (Miss.2006) (Graves, J., dissenting) (addressing Section 15-1-36(15)); Fairley v. George County, 871 So.2d 713, 718-28 (Miss.2004) (Easley, J., concurring) (addressing section 11-46-11(2)). Today, I write to state my disagreement with this Court’s interpretation and application of the requirements regarding the contents of a notice of claim under Section 15-1-36(15) of the MMTRA.
¶ 61. Section 15-1-36(15) states, in relevant part: “No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered.” Miss. Code Ann. § 15-1-36(15) (Rev.2003). The majority properly notes that this Court reviews the contents of notices of claim under Section 15-1-36(15) for substantial compliance. Maj. Op. ¶ 17. However, the majority finds that Myrtis Tolliver’s February 28, 2007, notice of claim failed to comply with the content requirements in Section 15-1-36(15). Maj. Op. ¶ 31. I disagree.
¶ 62. Tolliver’s notice of claim stated the following:
This letter is being sent pursuant to Section 15-1-36(15) of the Mississippi Code of 1972, as amended. This letter is to inform you of our intention to file suit on behalf of Tommie Tolliver. The basis of the suit is negligence.
Should you wish to discuss an amicable resolution of this matter, do not hesitate to call.
¶ 63. Tolliver argues that her notice of claim was adequate. Moreover, she maintains that the notice-of-claim letter was unnecessary, given the fact that litigation concerning these claims has been ongoing since June 2004. See Arceo, 949 So.2d at 692. She asserts that Dr. Arceo and St. Dominic-Jackson Memorial Hospital were fully aware of the legal bases of her claims and the types of loss sustained, including the nature of the injuries suffered. Tolliver is correct. She should not have been required to provide notice of her claims-particularly under the facts of this case. The defendants do not dispute that they had full knowledge and actual notice of the nature of her claims against them.
¶ 64. Even assuming arguendo that Tolliver was required to send a notice of claim, she adequately provided notice of her claims to the defendants. This becomes especially clear when one considers the fact that, when the defendants received Tolliver’s notice of claim, they had been actively, defending against Tolliver’s wrongful-death-related negligence claims for more than two years and eight months. See Arceo, 949 So.2d at 692. As Tolliver rightly states on appeal, “it would be preposterous to believe that any of the letter’s recipients, either the named Defendant or the Defendants’ counsel, did not know pre *80 cisely the subject matter to which the [notice-of-claim] letter pertained.”
¶ 65. The majority notes that “there are no exceptions to providing notice” and to providing “information sufficient to fulfill the statutory notice purposes,” but, here, Tolliver has provided information sufficient to fulfill the relevant statutory purposes. Maj. Op. ¶ 20. This Court has held that “[t]he purpose of the [Mississippi Tort Claims] Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies.” Lee v. Mem’l Hosp., 999 So.2d 1263, 1266 (Miss.2008) (quoting Reaves ex rel. Rouse v. Randall, 729 So.2d 1237, 1240 (Miss.1998)) [10]. In addition, this Court has also stated that:
The purpose of the notice statute [in the MTCA] being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary where such purpose has in fact been satisfied.
Thus, a notice is sufficient if it substantially complies with the content requirements of the statute. What constitutes substantial compliance, while not a question of fact but one of law, is a fact-sensitive determination. In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant’s intent to make a claim and contains sufficient information which reasonable [sic] affords the municipality an opportunity to promptly investigate the claim satisfies the purpose of the statute and will be held to substantially comply with it.
Carr v. Toum of Shubuta, 733 So.2d 261, 263 (Miss.1999) (emphasis added).[11]
¶ 66. Thus, a notice of claim substantially complies with the notice requirement when it provides sufficient information for the defendant(s) to promptly investigate the claim. It is undeniable that, in this case, the defendants had enough information from the notice to promptly investigate Tolliver’s claims. They had actively participated in this lawsuit for more than two-and-a-half years, during which time, they had received a complaint and two amended complaints setting out Tolliver’s claims and had filed a responsive pleading. See Arceo, 949 So.2d at 692-93, 693 n. 1. The majority places great emphasis on the fact that Section 15-1-36(15) makes no exception for cases in which the defendants) had actual notice of the plaintiffs claims, as is the case here. This flies in the face of the statutory purpose of providing notice to an MMTRA (or MTCA) defendant before suing her. See Carr, 733 So.2d at 263; Lee, 999 So.2d at 1266. In addition, by overlooking the fact that Dr. Arceo and St. Dominic-Jackson Memorial Hospital had actual notice and knowledge of Tolliver’s claims against them, the majority ignores the fact that the determination of whether a notice of claim substantially complies is a fact-sensitive determination. See Carr, 733 So.2d *81 at 263. Today’s majority opinion is in direct conflict with Carr and Lee.
¶ 67. Furthermore, the conclusion reached by the majority today belies its claim that it is truly applying a substantial-compliance standard. The majority is, in actuality, strictly construing the requirement that the notice of claim include the information set out in Section 15 — 1— 36(15) — without taking into consideration the particular facts of this case, including the fact that the defendants knew exactly what Tolliver’s claims and injuries were. Maj. Op. ¶ 12. Tolliver’s notice of claim substantially complied with Section 15 — 1— 36(15). In other words, there was “[sjuffi-cient information ... contained in the notice so as to permit the recipient to make a reasonable investigation of the claims being made.” Maj. Op. ¶ 17 (citing Lee v. Mem’l Hosp., 999 So.2d at 1267 (Miss.2008)). Therefore, I disagree with the majority’s finding that Tolliver’s notice of claim did not substantially comply with the content requirements set out in Section 15-1-36(15). The trial court’s dismissal of Tolliver’s claims for failure to substantially comply with Section 15-1-36(15) was not proper. I would reverse and remand.
KITCHENS, J., JOINS THIS OPINION.

. Although Lee and Reaves are MTCA cases, as the majority states, "[t]his Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act.” Maj. Op. ¶ 16.

. Again, although Carr is an MTCA case, as the majority states, ”[t]his Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act.” Maj. Op. ¶ 16.