**IN THE SUPREME COURT OF MISSISSIPPI**
**NO. 2000-CA-01028-SCT**

*TONY PRATT*

*v.*

*CITY OF GREENVILLE*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2000 |
| TRIAL JUDGE: | HON. BETTY W. SANDERS |
| COURT FROM WHICH APPEALED: | WASHINGTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARTIN A. KILPATRICK |
| ATTORNEY FOR APPELLEE: | G. KENNER ELLIS, JR. |
| NATURE OF THE CASE: | CIVIL - TORTS - OTHER THAN PERSONAL INJURY AND PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 10/11/2001 |
| MOTION FOR REHEARING FILED: | 10/26/2001; denied 1/24/2002 |
| MANDATE ISSUED: | 1/31/2002 |

**BEFORE PITTMAN, C.J., DIAZ AND EASLEY, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. Tony Pratt ("Pratt") filed a complaint in the Circuit Court of Washington County, against the City of Greenville ("City") on January 6, 1998, for alleged employment termination without hearing or reasonable cause.[1] The City of Greenville filed its answer and defenses on February 4, 1998. The City took Pratt's deposition on or about September 30, 1998, and excerpts were filed with the circuit court on December 4, 1998. On October 14, 1998, the City filed a Motion to Dismiss or in the Alternative for Summary Judgment. At the hearing on this matter, October 26, 1999, (a year after the motion was filed), Pratt was directed by the trial court to submit a supplemental response to the City's assertions of immunity. On November 10, 1999, Pratt filed a Plaintiff's Motion For Leave to File Amendment to Complaint. On June 8, 2000, the judgment for the Circuit Court of Washington County was filed. The Judgment granted the City's Motion to Dismiss or in the alternative Summary Judgment and denied Pratt's Motion for Leave to File Amendment to Complaint. On June 27, 2000, Pratt filed a notice of appeal to this Court.

**FACTS**

¶2. Pratt filed a complaint on January 6, 1998. The complaint alleged that Pratt was terminated from his position as a fire fighter with the City of Greenville on or about the summer months of 1997, without a hearing or reasonable cause, on the basis of his arrest for an alleged conspiracy to report false fire alarms. The complaint further stated that as a consequence of the criminal charge, which was initiated by the City,

Pratt had to employ counsel for his defense. The City failed and refused to compensate Pratt during the pendency of the alleged criminal action notwithstanding that the Grand Jury failed to indict him for the charge. Pratt further complained that as a direct and proximate cause of the City's actions, he suffered loss of reputation, seniority and income, and suffered great pain of body and mind.

¶3. The City filed a its answer and defenses on February 4, 1998. The defenses cited, included but were not limited to: failure to state a claim upon which relief can be granted pursuant to M.R.C.P. 12 (b) (6); failure to exhaust administrative remedies pursuant to § 11-51-75, Miss. Code Ann. (1972); immunity pursuant to Miss. Code Ann. § 11-46-1 to -23 (Supp. 2001); and generally the doctrine of sovereign or governmental immunity.

¶4. On June 18, 1998, a Motion to Extend Discovery and Motion Deadline was filed. On June 29, 1998, an Agreed Order was filed. On October 14, 1998, the City filed a Motion to Dismiss or in the Alternative for Summary Judgment pursuant to Rule 12 and Rule 56 of the MRCP. During a hearing on this matter, on October 26, 1999, (a year after the motion was filed), Pratt was directed by the trial court to submit a supplemental response to the City's assertions of immunity. On November 10, 1999, Pratt filed a Plaintiff's Motion For Leave to File Amendment to Complaint. The motion contained a separate paragraph pursuant to Miss. Code Ann. § 11-46-9(1)(c). According to the judgment, dated June 6, 2000, Pratt's counsel made an oral motion to amend the complaint to include an additional theory of recovery stemming from the same transaction and series of events at the October 26, 1999, hearing. The trial court denied Pratt's Motion to Amend the Complaint on the basis that the timing of the motion was late and potentially prejudicial to the City for failure to exercise due diligence. Consequently, the trial court granted the City's Motion to Dismiss or in the alternative Summary Judgment.

## STATEMENT OF THE ISSUES

**1. Did the trial court err in denying the Plaintiff's, Tony Pratt, Motion to Amend Complaint?**

**2. Did the trial court err in granting Summary Judgment Motion for the Defendant, City of Greenville?**

## LEGAL ANALYSIS

**1. Did the trial court err in denying the Plaintiff's, Tony Pratt, Motion to Amend Complaint?**

¶5. On appeal Pratt lists two issues for review by this Court: whether the trial court erred in denying his motion to amend the complaint and whether the trial court erred in granting summary judgment for the City of Greenville. Prior to addressing the issue of the complaint amendment, a discussion of the City's contentions which are in essence their affirmative defenses are necessary to place the issue in context.

¶6. The City asserts that Pratt did not exhaust administrative remedies before filing the lawsuit in circuit court. Specifically, Pratt failed to follow the grievance procedure outlined by the City in the employee handbook; failed to comply with the statutory requirements for appeals of employment grievances pursuant to Miss. Code Ann. § 11-51-75 (1972)[2]; failed to comply with requirements of the Immunity from Liability Tort Claims Act[3] ("TCA"); and the City is exempt from liability as a governmental entity under the TCA.[4]

¶7. The proper procedure to request an "explanation" for a grievance is through the ascending chain of

command, that being an immediate supervisor, department head or personnel director, Mayor's office, and City Council by agenda request. In his deposition, Pratt stated he received a copy of the City handbook and read it. Pratt stated that he spoke to Chief Nelson, his immediate supervisor and the department head, at the station and spoke to a City council member. Pratt never spoke to the personnel director, other council members or the Mayor. Pratt stated that he did not go to City Hall to request to be on the agenda to be heard by the City Council. Exhibit 5, which is a letter from Pratt's attorney to the Mayor, was offered as a notice of claim to the City by Pratt. Pratt, also, stated that he never went before the City Council to ask for a decision, and consequently, there was no appeal of the Council decision to the circuit court. The City asserts that had Pratt followed the grievance procedure, then he could have appealed the municipality's decision to the circuit court as provided by Miss. Code Ann. § 11-51-75. In addition, the City asserts the statutory requirements of the TCA and the exceptions contained therein for a governmental entity as affirmative defenses.

¶8. The summary judgment issue is contingent upon a finding that the amendment to the complaint was properly denied by the trial court. Other than the premise that the amendment to the complaint should have been granted, Pratt cites no further support for the summary judgment argument. Therefore, the pivotal issue before this Court is whether the trial court abused its discretion by denying the motion to amend the complaint. Whether the grant of summary judgment was proper is only appropriate for review by this Court if there is a finding that the trial court correctly denied Pratt leave to amend the complaint in light of the facts of this case.

## Standard of Review

¶9. The standard of review for determining whether to allow a motion to leave to amend a complaint is abuse of discretion. *Preferred Risk Mut. Ins. Co. v. Johnson*, 730 So.2d 574, 579 (Miss. 1998). This Court is without authority to reverse a determination unless convinced that the trial judge abused his discretion. *Id.*; *Par Indus., Inc. v. Target Container Co.*, 708 So.2d 44, 51 (Miss. 1998). The trial court has the discretion to allow an amendment and should freely allow an amendment, unless the defendant would be prejudiced. *Id.*

¶10. Pratt contends that the trial court abused its discretion by refusing to allow an amendment to the complaint pursuant to Rule 15 of the Mississippi Rules of Civil Procedure. Pratt further contends that, without the amendment, he did not have an opportunity to dispute the City's claim of governmental immunity.

¶11. Rule 15(a) of the Mississippi Rules of Civil Procedure provides that:

> *Amendments*. A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise a party may amend his pleading only by leave of court or upon written consent of the adverse party; **leave shall be freely given when justice so requires**. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be

longer, unless the court otherwise orders.

(emphasis added).

¶12. The trial court cited both *Par Indus., Inc. v. Target Container Co.*, 708 So.2d 44, 51 (Miss. 1998) and *Natural Mother v. Paternal Aunt*, 583 So.2d 614 (Miss.1991) in its findings. In *Par Indus.*, this Court held that while leave to amend should be freely granted there are also limits. *Par Indus.*, 708 So.2d at 52.

> Since *prejudice to the opposing party is the key factor in governing the court's discretion in granting leave to amend a pleading*, the court will ordinarily refuse to grant such permission where the motion comes so late and in such circumstances that the right of the adverse party will necessarily be prejudicially affected.

*Id.* (citing *McCarty v. Kellum*, 667 So.2d 1277,1284-85 (Miss. 1995)). The trial court cited *Natural Mother v. Paternal Aunt*, 583 So.2d at 617, for this Court's holding that a chancellor's denial of an amendment has been consistently affirmed where the party requesting the amendment has not exercised due diligence in filing the application to amend. In *Natural Mother*, this Court upheld the chancellor's denial of a motion to amend for a habeas corpus two days before an adoption trial.

¶13. Pratt contends that his case is distinguishable from *Natural Mother* in that (1) his case was never set for trial; (2) the trial court determined that the effect of the amendment was merely "potentially prejudicial" in an unspecified manner and not actual; and (3) the record on appeal and the factual findings do not support the conclusion that the amendment was late or that he failed to exercise due diligence. For authority, Pratt cites *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), which states that leave to amend should be freely given in the absence of an apparent or declared reason. Some of the listed reasons include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment. *Id.* at 182. However, Pratt maintains that none of the above reasons justifying denial of leave to amend a complaint are present in his case.

¶14. The original language in the complaint filed on January 6, 1998 stated that Pratt "was terminated by the City, without hearing or reasonable cause, from his said employment, on the stated basis that he had been arrested for an alleged conspiracy to report false fire alarms." The complaint further stated that as a consequence of the criminal charge, which was initiated by the City, Pratt had to employ counsel for his defense. The City failed and refused to compensate Pratt during the pendency of the alleged criminal action notwithstanding that the Grand Jury failed to indite him for the charge. Pratt further complained that as a direct and proximate cause of the actions by the City, he suffered loss of reputation, seniority and income, and suffered great pain of body and mind.

¶15. The specific language that Pratt requested to amend to his complaint on November 10, 1999, is as follows:

> 1. According to Miss. Code Ann. § 11-46-9(1)(c), the Complaint herein should contain a separate paragraph, alleging the following:
>
> The actions of the City of Greenville in instituting, and prosecuting criminal charges against Pratt were without evidentiary or legal basis, and its agents and employees thus acted in reckless disregard of

Pratt's safety and well-being, at a time when he was not engaged in any criminal activity.

¶16. The trial judge set out her reasoning for the denial of the motion to amend and the granting of summary judgment. Specifically, the trial judge stated the facts of Pratt's case and the City's assertion in the summary judgment motion claiming a governmental immunity exemption from liability pursuant to Miss. Code Ann. § 11-46-9. In addition, the trial judge cited the ***Par Indus.*** and ***Natural Mother*** cases for authority. Based on the trial court's review of the issues, the court found that:

> ...the timing of Plaintiff's motion to amend the pleadings, [offered at the hearing on Defendant's Motion to Dismiss, or in the alternative, Motion for Summary Judgment], is desperately late and potentially prejudicial to the Defendant. Moreover, the Plaintiff has failed to exercise due diligence in requesting to amend his complaint.

> Consequently, the Court finds that without this amendment, in treating Plaintiff's complaint under M.R.C.P. 12 (b)(6), Plaintiff has stated no set of facts which, if proved, would allow a judge to find in his favor. Furthermore, Plaintiff has failed to present the Court with any genuine issues of material fact.

Therefore, the trial court denied the motion to amend the complaint and granted the City's Motion to Dismiss, or in the alternative, Motion for Summary Judgment.

¶17. This Court has granted leave to amend in ***Frank v. Dore***, 635 So.2d 1369, 1375 (Miss. 1994). In ***Frank***, the appellant sought to amend her complaint on March 6, 1990, and on August 31, 1990 for additional theories of recovery stemming from the same transaction and series of events. This action occurred after the opposing party had moved for summary judgment on November 17, 1989, in chancery court and had partially responded to appellant's discovery. Similar to the case sub judice, the motion for summary judgment, motion to quash and motion to dismiss were submitted prior to appellant's motions to amend but were not ruled on until after the court denied leave to amend. ***Id***. at 1375.

¶18. Applying the appropriate abuse of discretion standard of review to the case sub judice, this Court finds that the trial court erred in denying the motion to leave to amend a complaint and improperly found that the City was prejudiced by the amendment. After the complaint and answer were filed and discovery was closed on this case, the City filed a motion to dismiss, or in the alternative, motion for summary judgment. *On the same day* of the hearing for the City's motion, Pratt requested leave to amend his complaint. The original grounds of the case was based upon an alleged employment termination claim without hearing or reasonable cause. The amendment to the complaint was based upon a new cause of action attempting to address the governmental immunity defense, Miss. Code Ann. § 11-46-9(1)(c). The facts, as stated in the original Complaint, never changed in the course of the proceedings. The trial judge found that the timing of the request for leave to amend the complaint at the hearing on the City's motion to dismiss, or in the alternative, motion for summary judgment, was prejudicial to the City. In order to make this determination, the trial judge heard and considered the motions, had both parties' briefs and attached exhibits, and had supporting case law. In light of this Court's holding in ***Frank***, and the similarities with that case and the case sub judice, however, the trial court erred in not allowing Pratt leave to amend his complaint and add the additional theory of recovery. Therefore, the trial judge abused her discretion in denying leave to amend the complaint on the day of the hearing on the City's motion. Thus, this Court finds that the trial court's denial of leave to amend the complaint should be reversed.

**2. Did the trial court err in granting Summary Judgment Motion for the Defendant, City of**

> Greenville?

¶19. As previously stated, Pratt's argument for summary judgment was contingent upon a finding that the trial court abused its discretion in denying the leave to amend the complaint. Since this Court finds that the trial court abused its discretion in denying leave to amend the complaint, this Court does not have to address the summary judgment issue in detail. The summary judgment is reversed but may be reconsidered by the trial court after appropriate proceedings on remand to consider the amended complaint.

## CONCLUSION

¶20. The two issues before this Court were whether the trial court erred in denying a motion for leave to amend a complaint, and whether the trial court erred in granting summary judgment. The standard of review for the motion to amend the complaint is abuse of discretion. The findings by the trial judge indicate an abuse of discretion. Since this Court finds that it should not uphold the trial court ruling to deny the motion to amend the complaint, and reverse the ruling to allow an amendment of the complaint, this Court need not address the issues further. Accordingly, the circuit court's judgment is reversed, and this case is remanded to that court for further proceedings consistent with this opinion.

¶21. **REVERSED AND REMANDED**.

**PITTMAN, C.J., McRAE, P.J., WALLER AND DIAZ, JJ. CONCUR. SMITH, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY BANKS, P.J., AND MILLS, J., COBB, J., JOINS IN PART.**

**SMITH, JUSTICE, DISSENTING:**

¶22. The majority holds that the trial court erred in denying Pratt's motion to amend his complaint. Motions for leave to amend are left to the sound discretion of the trial court. *Frank v. Dore*, 635 So. 2d 1369, 1375 (Miss. 1994) (citing *Bourn v. Tomlinson Interest, Inc.*, 456 So. 2d 747, 749 (Miss. 1984)). In my view, the trial court did not abuse its discretion in denying the motion. Therefore, I respectfully dissent.

¶23. Pratt filed his complaint on January 6, 1998, and the City answered on February 4, 1998. In its answer, the City raised the defense of governmental immunity pursuant to the Mississippi Tort Claims Act, Miss. Code Ann.§§ 11-46-1 to - 23 (Supp. 2001). The motions deadline was September 12, 1998, and discovery was completed September 22, 1998. At the October 26, 1999, hearing on the City's motion to dismiss/summary judgment, Pratt for the first time requested leave to amend. Pratt wished to add the following paragraph to his complaint:

> The actions of the City of Greenville in instituting, and prosecuting criminal charges against Pratt were without evidentiary or legal basis, and its agents and employees thus acted in reckless disregard of Pratt's safety and well-being, at a time when he was not engaged in any criminal activity.

This request was made one year and eight months after the City first raised the governmental immunity defense, and thirteen months after the motions deadline. The majority states that the amendment was "based on a new cause of action attempting to address the governmental immunity defense." Again, this defense was raised as early as February 4, 1998. In my view, the trial court was more than within its discretion in finding that the motion was "desperately late." Undue delay is a legitimate reason justifying the denial of an opportunity to amend, and, so long as the record supports such a finding, this Court is without authority to

reverse. *Frank*, 635 So. 2d at 1375 (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222, 226 (1962)).

¶24. The majority relies on *Frank v. Dore*, 635 So. 2d 1369 (Miss. 1994), in reversing the trial court's denial of the request to amend. However, *Frank* is distinguishable from the case at hand. In *Frank*, the motion to amend was filed six and one-half months after the complaint was filed. In the case sub judice, Pratt filed his motion to amend one year and nine months after his original complaint. In *Frank*, at the time the motion to amend was filed, no defendants had answered the complaint, and discovery was incomplete. In the case at bar, the City had answered the complaint one year and eight months prior to motion to amend, and discovery had already been completed.

¶25. Clearly, an inordinate amount of time lapsed between the time the City raised the defense of governmental immunity and the time Pratt sought to amend his complaint in an attempt to address that defense. The trial court correctly denied the motion to amend, finding that plaintiff failed to exercise due diligence. I would affirm the judgment of the circuit court.

**BANKS, P.J., AND MILLS, J., JOIN THIS OPINION. COBB, J., JOINS IN PART.**

1. Deposition testimony indicates that Pratt was suspended rather than terminated:

Q. Were you, in fact, terminated by Greenville?

A. I would call it suspension, yes.

Q. What is your understanding of the word "terminated"?

A. Terminated meaning that all my benefits, everything, my retirement, everything stopped. If I was on suspension meaning that I am presently still employed for the City in which all those benefits have ceased. All of them. As far as my medical benefits, my retirement, all those type things have ceased.

Q. You say in your answers to interrogatories that the City Council, at one point, discussed payment of back wages or something to that affect?

A. Yes, sir.

Q. When was that?

A. I can't remember the exact date but it was - - I been battling this case ever since I really came off suspension back and forth and I have been there numerous amount of times.

Q. Was this during your suspension?

A. No, after my suspension. After I returned back to work.

2. Miss. Code Ann. § 11-51-75 provides for an appeal from judgment or decision by municipal authorities:

**Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment** at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which

shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. **The clerk thereof shall transmit the bill of exceptions to the circuit court at once**, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. Costs shall be awarded as in other cases. The board of supervisors or municipal authorities may employ counsel to defend such appeals, to be paid out of the county or municipal treasury. Any such appeal may be heard and determined in vacation in the discretion of the court on motion of either party and written notice for ten (10) days to the other party or parties or the attorney of record, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.

Provided, however, that no appeal to the circuit court shall be taken from any order of the board of supervisors or municipal authorities which authorizes the issuance or sale of bonds, but all objections to any matters relating to the issuance and sale of bonds shall be adjudicated and determined by the chancery court, in accordance with the provisions of sections 31-13-5 to 31-13-11, both inclusive, of the Mississippi Code of 1972. And all rights of the parties shall be preserved and not foreclosed, for the hearing before the chancery court, or the chancellor in vacation. Provided, further, nothing in this section shall affect pending litigation. (emphasis added).

3. The City claims that Pratt did not follow the strict compliance with Miss. Code Ann. § 11-46-11 for the TCA and cites *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997) for authority. This Court overturned *Lumpkin* in *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999). This Court in *Carr* held that substantial compliance with the statute is sufficient and strict compliance with the statute is not necessary. *Id*. at 265. "The determination of substantial compliance is a legal, though fact-sensitive, question and is, therefore, necessarily decided on an ad hoc basis." *Id*.

4. Miss. Code Ann. § 11-46-9 provides for governmental entities and employees; exemption from liability and states:(1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:

(a) Arising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature;

(b) Arising out of any act or omission of an employee of a governmental entity exercising ordinary care in reliance upon, or in the execution or performance of, or in the failure to execute or perform, a statute, ordinance or regulation, whether or not the statute, ordinance or regulation be valid;

(c) Arising out of any act or omission of an employee of a governmental entity engaged in the performance or execution of duties or activities relating to police or fire protection unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury;

(d) Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused;