KING, C.J.,
 

 for the Court.
 

 ¶ 1. Dimple and Clyde Whitaker appeal the dismissal of their case with prejudice. Relying upon the Mississippi Supreme Court’s recent decision in
 
 J & J Timber Co. v. Brooms,
 
 932 So.2d 1 (Miss.2006), the trial court granted T
 
 &
 
 M Foods’s Rule 60(b) motion for relief from the trial court’s previous order denying summary judgment to both T & M Foods and Kent. The trial court dismissed the case and denied the Whitakers’ post-trial motions. Finding no error, this Court affirms.
 

 FACTS
 

 ¶ 2. In December 1999, Kent was working as a delivery driver for T & M Foods, which operated a Steak-Out franchise, when he “rear-ended” the Whitakers’ car. As a result of the accident, Mrs. Whitaker sustained some injuries and incurred medical expenses in the amount of $881.06. Mrs. Whitaker was concerned about her outstanding medical bills and their impact on her credit rating. On January 20, 2000, Kent’s insurer, Progressive, obtained a release from the Whitakers. In exchange for the release, the Whitakers received a payment for $1381.06 for reimbursement of Mrs. Whitaker’s medical expenses. When the Whitakers questioned the additional $500 payment, Progressive advised the Whitakers that it was reimbursement for any inconvenience caused by the automobile accident.
 

 ¶ 3. Several months after the accident and after the Whitakers signed the release with Progressive, Mrs. Whitaker began experiencing pain. She was diagnosed with temporalmandibular joint pain syndrome. Her physician cited the automobile acci
 
 *949
 
 dent as the cause of the problem. At the time of trial, Mrs. Whitaker had accumulated approximately $114,000 in medical expenses.
 

 ¶ 4. In February 2001, the Whitakers filed suit against Progressive, Kent, and T & M Foods. The Whitakers sought to set aside the release with Progressive on the grounds of mutual mistake as to the extent of Mrs. Whitaker’s injuries and to obtain money damages from Kent and T & M Foods. In their answer, Kent and T & M Foods
 
 [1]
 
 contended that the January 2000 release operated to release them both from liability.
 

 ¶ 5. On September 17, 2002, Progressive entered into a second release with the Whitakers. The second release declared that the first release was null and void. In exchange for an additional payment of $8608.05, which exhausted the $10,000 policy limits on Kent’s insurance policy with Progressive, the Whitakers agreed to release Progressive. They also agreed “that in making any pursuit of their claim with respect to the automobile accident, they will not seek execution against personal assets of Robert Y. Kent and, instead, will seek to satisfy any judgment only from assets of T & M Foods, and from any liability insurance carrier of T
 
 &
 
 M Foods, Ltd. applicable to the accident involving Robert Y. Kent and Dimple Whitaker, if any.” Thereafter, the trial court signed an order dismissing Progressive with prejudice.
 

 ¶ 6. Kent and T & M Foods filed a motion for summary judgment in July 2004, arguing that the January 2000 release was a valid contract extinguishing all claims against both Kent and T & M Foods and that the contract constituted an accord and satisfaction of the Whitakers’ claims. Alternatively, if the trial court determined that the second release was the operative release, then Kent was entitled to summary judgment. Kent contended that by virtue of the agreement not to execute on his personal assets, the Whit-akers could not recover damages and, therefore, Kent was not a necessary party to the litigation. The trial court denied the motion for summary judgment in part but granted the motion with respect to the agreement not to execute on Kent’s personal assets. The trial court also granted a motion for default judgment against Kent because he failed to appear for his deposition.
 

 ¶ 7. On the day of trial, May 8, 2006, T
 
 &
 
 M Foods filed a Rule 60(b) motion for relief, asking the trial court to reconsider its decision to deny summary judgment on the grounds that a new Mississippi Supreme case,
 
 J & J Timber Co. v. Broome,
 
 932 So.2d 1 (Miss.2006), had changed the law on vicarious liability and the release of the tortfeasor so that the release of the tortfeasor acted to release the employer as well. T & M Foods argued that, under
 
 J & J Timber,
 
 T
 
 &
 
 M Foods could not, as a matter of law, be liable for any of Kent’s actions because the Whitakers had released Kent. The trial judge granted T & M Foods’ Rule 60(b) motion, relieving T & M Foods of the summary judgment order previously entered and stating that T & M Foods and Kent were “entitled to Judgment as a matter of law.”
 

 ¶ 8. Thereafter, the Whitakers filed a motion to alter or amend the judgment, a motion to disqualify defense counsel from representing both Kent and T & M Foods, a motion for an evidentiary hearing on the issue of the potential conflict in represent
 
 *950
 
 ing both Kent and T & M Foods, and a motion to file a second amended complaint, in which the Whitakers alleged that the second release should be set aside because of a mutual mistake in understanding the law in light of the recent
 
 J & J Timber
 
 decision. The trial court denied those motions and entered a final judgment. The Whitakers timely appealed.
 

 ¶9. The Whitakers raise the following issues on appeal, which are taken verbatim from their appellate brief:
 

 (1) Whether the Trial Court erred in dismissing Defendant Kent, since the Court had already entered a default judgment against Kent, since Kent never requested dismissal and since there was no basis for the dismissal of Plaintiffs’ claims against Kent.
 

 (2) Whether the Trial Court erroneously applied the Supreme Court’s holding in
 
 J & J Timber Company v. Broome
 
 as a bar to Plaintiffs’ vicarious liability claims against T & M Foods, Ltd., since the company’s negligent employee had not been released from liability.
 

 (3) In the event that
 
 J & J Timber Company v. Broome
 
 was applicable to this case, whether a retroactive application of the case would violate the Contracts Clause of the Mississippi Constitution.
 

 (4) Whether the Trial Court abused its discretion in denying Plaintiffs leave to amend their Complaint.
 

 ¶ 10. Because the trial court correctly applied J & J Timber to the case sub judice, and because the application of J & J Timber did not implicate the Contracts Clause of the Mississippi Constitution, this Court finds that the trial court did not err in granting T & M Foods’s Rule 60(b) motion and dismissing the case. With regard to the trial court’s decision to include Kent in the dismissal, the dismissal was proper as a matter of law although not properly done. Finally, this Court finds that the trial court did not abuse its discretion in denying the Whitakers’ motions filed after the trial court granted T & M Foods’s Rule 60(b) motion. Accordingly, this Court affirms.
 

 STANDARD OF REVIEW
 

 ¶ 11. This Court conducts a limited review of a trial court’s decision to grant or deny relief from a judgment under Mississippi Rule of Civil Procedure 60. The Court’s review is limited to whether the trial court abused its discretion by ordering or denying relief.
 
 January v. Barnes,
 
 621 So.2d 915, 927 (Miss.1992).
 
 See also Overbey v. Murray,
 
 569 So.2d 303, 306 (Miss.1990). This Court reviews all issues of law
 
 de novo. Maldonado v. Kelly,
 
 768 So.2d 906, 908(¶ 4) (Miss.2000).
 

 ANALYSIS
 

 1. Applicability of the Contracts Clause
 

 ¶ 12. The Mississippi Supreme Court decided the
 
 J & J Timber
 
 case on May 4, 2006. T & M Foods presented the
 
 J & J Timber
 
 case to the trial court on May 8, 2006, the day of trial. Mississippi law is clear that “newly enunciated rules of law are applied retroactively to cases that are pending trial or that are on appeal, and not final at the time of the enunciation.”
 
 Thompson v. City of Vicksburg,
 
 813 So.2d 717, 721 (¶¶ 15-16) (Miss.2002). The Whitakers argue that
 
 J & J Timber
 
 should not be applied retroactively because a retroactive application would interfere with the release contract between Progressive and the Whitakers and would, therefore, violate the Contracts Clause of the Mississippi Constitution. The Whitakers’ argument is without merit.
 

 
 *951
 
 ¶ 13. The Contracts Clause of the Mississippi Constitution states that “[e]x post facto laws, or laws impairing the obligation of contracts, shall not be passed.” Miss. Const. Art 3, § 16. As the Mississippi Supreme Court explained in
 
 Tucker Printing Co. v. Board of Supervisors,
 
 171 Miss. 608, 158 So. 336 (Miss. 1934),
 

 The obligation of a contract, in the meaning of these constitutional provisions, depends on the law in existence when the contract was made. By the obligation of a contract is meant the law under which the contract was made as well as all the remedies for its enforcement, or after provided remedies equally adequate. Legislation of a state impairing the obligation of a contract made under its authority is void, and the courts, in enforcing the contract, will pursue the same course and apply the same remedies as though such void legislation had never existed. The law in force at the time the contract was made forms a part of it, and is written into the contract as much as if expressly incorporated therein.
 

 Id.
 
 at 338. As
 
 Tucker
 
 clearly states, in order for a party to invoke this provision of the Mississippi Constitution, the contract at issue must have been made under the authority of a statute that affects the ability of the parties to enforce the contract, either because the statute has been amended or repealed. In other words, the Mississippi Constitution “prohibits the states from passing laws which impair the obligations of contracts.”
 
 Gulf & S.I.R. Co. v. Adams,
 
 90 Miss. 559, 45 So. 91 (1907). In this case, the Whitakers did not rely on any statutory authority when they entered into the contract with Progressive. Instead, they entered into the contract based upon prior judicial decisions regarding the release of a tortfeasor in a vicarious liability situation. Accordingly, the contracts clause of the Mississippi Constitution is not applicable.
 

 2. The trial court properly applied
 
 J & J Timber Co. v. Broome
 

 ¶ 14.
 
 In J & J Timber,
 
 the plaintiffs were wrongful death beneficiaries of two persons killed in a collision between a J & J Timber truck and a tour bus.
 
 J & J Timber,
 
 932 So.2d at 2 (¶¶ 2-3). The driver of the J & J Timber truck was an employee of Jim Smith Trucking, a company that contracted with J & J Timber to provide drivers to haul cut timber to timber mills.
 
 Id.
 
 at 2(¶ 2). Before filing suit against J & J Timber, the plaintiffs reached a settlement with the driver and with Jim Smith Trucking. In that settlement agreement and release, the plaintiffs released the driver and Jim Smith Trucking from any and all claims related in any way to the accident, but the plaintiffs specifically reserved their right to pursue “any and all claims we may have of any kind and type whatsoever relating to the incident against J & J Timber....”
 
 Id.
 
 at 2 — 3(¶ 4). The plaintiffs further agreed “to defend, indemnify, and hold harmless the Releasees [the driver and Jim Smith Trucking] from any and all claims and damages, including third-party claims for damages resulting from or in any way arising out of’ the accident.
 
 Id.
 

 ¶ 15. The plaintiffs then filed suit against J & J Timber and alleged that J
 
 &
 
 J Timber was vicariously liable for the negligence of the driver, who the plaintiffs claimed was an employee of J & J Timber.
 
 Id.
 
 at 3(¶ 5). Following a trial, the jury returned a verdict in favor of J & J Timber. The trial court, however, granted the plaintiffs a new trial. The Mississippi Supreme Court granted J & J Timber’s interlocutory appeal.
 

 ¶ 16. The Mississippi Supreme Court held that J & J Timber was entitled to a
 
 *952
 
 dismissal as a matter of law.
 
 Id.
 
 at 9(¶ 30). The Court held that “[a]n action against an employer based on the doctrine of
 
 respondeat superior
 
 is a derivative claim arising solely out of the negligent conduct of its employee within the scope of his or her employment.”
 
 Id.
 
 at 6(¶ 19). Once the claim against the sole tortfeasor is settled, the vicarious liability claim becomes barred because the “vicarious liability claim itself is extinguished when the solely negligent employee is released. There can be no assessment of damages against the employer when no action can be brought against the only negligent party — the employee.”
 
 Id.
 
 at 6 (¶¶ 19, 21).
 

 ¶ 17. The Court also discussed the “circle of indemnity” as another reason for its decision. Because the driver was the only negligent party, if the plaintiffs were to recover damages from J & J Timber under the vicarious liability theory, J & J Timber would have a common law right of indemnity against the driver. The driver, having contracted with the plaintiffs to have them indemnify him for any damages, would then seek indemnity from the plaintiffs, to whom the original judgment was paid. In effect, the plaintiffs would have to pay back their own judgment, which would render the judgment moot.
 
 Id.
 
 at 7 (¶¶ 22-24).
 

 ¶ 18. In the case
 
 sub judice,
 
 the Whitakers argue that they did not release Kent but simply agreed not to seek execution for a judgment against Kent’s personal assets. The release provided as follows:
 

 3.It is the intent of this Settlement Agreement and Release to settle all claims and controversies between Dimple Whitaker and Clyde Whitaker and Progressive arising out of the suit referenced in paragraph 1 ■ above. It is further understood by the Whitakers and their counsel that this agreement and the payment of the sums noted below does not constitute an admission of liability on behalf of Progressive or Robert Y. Kent, the same being expressly denied. It is further understood that Progressive, by negotiating this settlement agreement, does not admit that the accident that occurred in December 1999 is covered under the liability provisions of the policy issued to Kent.
 

 4. Dimple Whitaker and Clyde Whitaker do hereby release, discharge and give up all claims and causes of action they have against Progressive arising out of the automobile accident in December 1999 in which Dimple Whitaker and Robert Y. Kent were involved, or any efforts on behalf of Progressive to settle the claims of Clyde and Dimple Whitaker as more fully referenced in Civil Action No. 01-039(G)L in the Circuit Court of Lee County, Mississippi.
 

 5. Additionally, Dimple Whitaker and Clyde Whitaker do hereby agree that in making any pursuit of their claim with respect to the automobile accident, they will not seek execution against personal assets of Robert Y. Kent and, instead, will seek to satisfy any judgment only from assets of T & M Foods, and from any liability insurance carrier of T & M Foods, Ltd. applicable to the accident involving Robert Y. Kent and Dimple Whitaker, if any.
 

 ¶ 19. While the third and fourth paragraphs of the release purport to release Progressive only, and not Robert Y. Kent, the language of the fifth paragraph clearly indicates that, for all intents and purposes, the Whitakers did not intend to pursue any claims against Kent personally. The language of the release clearly indicates
 
 *953
 
 that Kent is intended to remain in the litigation for the sole purpose of the Whit-akers’ pursuit of T & M Foods. Kent was covered only by the Progressive policy; therefore, the Whitakers could not collect damages from any other source in order to satisfy a judgment against Kent. Accordingly, the Court finds that the Whitakers effectively released Kent when they agreed not to execute on his personal assets because there were no other damages to be recovered.
 

 ¶ 20. The “circle of indemnity” argument also applies in this case and supports the argument that Kent was released from liability. T & M Foods argues that, in the event the Whitakers successfully obtained a judgment against T & M Foods, T & M Foods would exercise its common law right of indemnity against Kent, which would include a judgment against Kent’s personal assets. Kent would then seek to enforce the clause in the release in which the Whitakers agreed “to hold Progressive and the personal assets of Robert Kent harmless from any claim that may be asserted against them by way of subrogation, assignment, lien
 
 or otherwise.
 
 ...” (emphasis added). The Whitakers would be obligated to reimburse Kent, who would, in turn, reimburse T & M Foods. As in J &
 
 J Timber,
 
 the plaintiffs would pay their own judgment.
 

 ¶ 21. The Whitakers argue that no such circle of indemnity exists because T & M Foods’ insurer could not seek indemnity against Kent. This argument fails for two reasons. First, the Court’s review of the insurance policy at issue clearly establishes that T & M Foods is the only insured under the terms of the policy. Kent is in no way protected as an insured. Accordingly, Kent is not protected from an action against him seeking indemnification. Second, nothing in the amended complaint or in any of the Whitakers’ other court filings indicates that they were seeking judgment against T & M Foods’ insurer only. In the event that the Whitakers obtained a judgment in excess of the policy limits or that the policy did not apply, T & M Foods would be responsible for payment of the judgment and would be able to seek indemnification from Kent.
 

 ¶ 22. Under the rule of law articulated in
 
 J & J Timber,
 
 the release of Kent operated to release T & M Foods as well. As discussed
 
 supra,
 
 the trial court was correct in applying the
 
 J & J Timber
 
 decision retroactively to the case
 
 sub judi-ce.
 
 This Court holds that the trial court acted properly in granting T & M Foods’ Rule 60(b) motion for relief from the denial of summary judgment.
 

 3. The trial court did not err in dismissing Kent.
 

 ¶ 23. The Whitakers argue that the trial court erred in dismissing Kent in the order granting T & M Foods’ Rule 60(b) motion for relief from the denial of summary judgment. The Whitakers contend that because the trial court already had entered a default judgment against Kent on September 2, 2004, for his failure to appear for his deposition, the trial court could not enter an order granting Kent judgment as a matter of law unless Kent requested that relief pursuant to Rule 60(b).
 

 ¶ 24. The Whitakers’ argument is technically correct. The record reflects that Kent did not participate in the Rule 60(b) judgment. T & M Foods alone sought relief from the denial of the summary judgment motion. Mississippi law requires that, in order to receive relief from a default judgment, a defendant must seek that relief following the procedures set forth in Mississippi Rule of Civil Procedure 60(b).
 
 See State of Mississippi ex rel. Mississippi Bureau of Narcotics v.
 
 
 *954
 

 One (1) Chevrolet Nova Automobile and Nine Thousand Eight Hundred Dollars Case Seized Money,
 
 573 So.2d 787, 789 (Miss.1990). The trial court may not grant relief from a default judgment
 
 sua sponte.
 

 ¶ 25. In this case, however, even if the Court were to reverse the portion of the order on the Rule 60(b) motion dismissing Kent on the grounds that the trial court improperly granted relief to Kent, such a ruling would be pointless. The trial court apparently granted the relief to Kent in recognition of the fact that the default judgment was void
 
 ab initio
 
 in light of the
 
 J & J Timber
 
 case. As a matter of law, the date that the Whitakers entered into the release with Progressive was the date that Kent effectively was dismissed from the litigation with prejudice and the date that T & M Foods became entitled to summary judgment as a matter of law. The Whitakers entered into that release with Progressive on September 17, 2002. The default judgment was not entered until May 26, 2006.
 

 ¶ 26. This Court has the ability to take notice of the state of the law and the state of the record and, in the interests of judicial economy, has adopted the standard practice of affirming the holding of a trial court where the trial court’s holding reached the right conclusion for the wrong reasons.
 
 See Tedford v. Dempsey,
 
 437 So.2d 410, 418 (Miss.1983). Although the trial court erred procedurally in noting Kent’s dismissal from the case via the order granting T & M Foods’ Rule 60(b) motion, the reality of the case is that Kent was dismissed from the case by the Whit-akers’ own actions on September 17, 2002. Accordingly, this Court holds that the trial court did not err in dismissing Kent as a matter of law, although the Court acknowledges that the trial court erred in the procedure by which it dismissed Kent.
 

 4. The trial court did not err in denying the Whitakers’ motion to amend.
 

 ¶ 27. The Whitakers argue that the trial court erred in failing to permit them to amend their complaint. Following the trial court’s decision on the Rule 60(b) motion, which applied the recent
 
 J & J Timber
 
 decision, the Whitakers sought to set aside the September 17, 2002, release in their proposed second amended complaint, citing a mutual mistake of the law.
 

 ¶ 28. This Court reviews a trial court’s denial of a motion to amend a complaint under the abuse of discretion standard.
 
 See Pratt v. City of Greenville,
 
 804 So.2d 972, 976(¶9) (Miss.2001). As long as the trial court properly applied Mississippi Rule of Civil Procedure 15(a), this Court will not disturb the trial court’s decision to deny the motion to amend.
 

 ¶ 29. Mississippi Rule of Civil Procedure 15(a) governs a plaintiffs right to amend his complaint and provides as follows:
 

 Amendments.
 
 A party may amend his pleading as a matter of course at any time before a responsive pleading is served, or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within thirty days after it is served. On sustaining a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6), or for judgment on the pleadings, pursuant to Rule 12(c), thirty days leave to amend shall be granted, provided matters outside the pleadings are not presented at the hearing on the motion. Otherwise, a party may amend his pleading only by leave of court or upon written consent of the adverse party;
 
 leave shall be freely giv
 
 
 *955
 

 en when justice so requires.
 
 A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within ten days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.
 

 Miss. R. Civ. P. 15(a) (emphasis added). In the case
 
 sub judice,
 
 the Whitakers could only argue that they had a right to amend under the phrase “when justice so requires.” A key factor to be considered in granting leave to amend in the interests of justice is “prejudice to the opposing party” and “the court will ordinarily refuse to grant such permission where the motion comes so late and in such circumstances that the right of the adverse party will necessarily be prejudicially affected.”
 
 Pratt,
 
 804 So.2d at 976(¶ 12).
 

 ¶ 30. In this case, had the trial court granted the Whitakers leave to amend, the rights of all the defendants would be prej-udicially affected. In particular, Progressive, who had been dismissed as a result of the settlement agreement, would have been most prejudicially affected. Progressive paid consideration of the policy limits of $10,000 in exchange for a release of both Progressive and Kent. Additionally, to grant the Whitakers permission to amend them complaint at such a late date — essentially on the eve of trial — would prejudice T & M Foods. Accordingly, the Court finds that the trial court did not abuse its discretion in denying the Whitakers’ motion to amend.
 

 ¶ 31. THE JUDGMENT OF THE LEE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANTS.
 

 LEE AND MYERS, P JJ., IRVING, GRIFEIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. CHANDLER AND BARNES, JJ., NOT PARTICIPATING.
 

 [1]
 

 . At all times in this litigation, Kent and T & M Foods have been represented by the same attorney.