632 So.2d 951 (1994)
Edmund DIXON
v.
SINGING RIVER HOSPITAL SYSTEM and Singing River Hospital System Board of Trustees.
No. 91-CA-0506.
Supreme Court of Mississippi.
February 17, 1994.
Margaret P. Ellis, Kitchens & Ellis, Pascagoula, for appellant.
*952 James H. Heidelberg, Colingo Williams Heidelberg Steinberger & McElhaney, Pascagoula, for appellees.
Before DAN M. LEE, P.J., and BANKS and JAMES L. ROBERTS, Jr., JJ.
DAN M. LEE, Presiding Justice, for the Court:
The plaintiff in the case below appeals to this Court from the Jackson County Circuit Court's June 15, 1990, grant of summary judgment in favor of two defendants, the Appellees herein. The case sub judice is the last of four which have been reviewed by this Court involving litigation against the same Appellees regarding the issue of statutory immunity of community hospitals.[1]

I.
This wrongful death case was instituted by the heirs of the decedent plaintiff, Edmund Dixon, a former patient at Singing River Hospital. The complaint named Singing River Hospital System, Singing River Hospital Board of Trustees, Members of the Singing River Board of Trustees, Individually, Emergency Room Group, Ltd., Dr. A.W. Longmire, and John Does 1-5 as defendants. It was alleged that Edmund Dixon's death was proximately caused by the acts and/or omissions of the defendants. The defendants answered the complaint, generally denying its substantive allegations. Additionally, the defendants asserted the affirmative defense of immunity of community hospitals and the board of trustees pursuant to MISS. CODE ANN. § 41-13-11 (1972), as amended.
Thereafter, Singing River Hospital System ("SRH") and the Singing River Hospital Board of Trustees ("Board") filed a motion for summary judgment requesting that they be dismissed from the suit. That motion contended that MISS. CODE ANN. § 41-13-11 et seq. (1972), as amended, provided SRH and the Board with immunity from liability in the lawsuit. The motion further asserted that no insurance had been purchased by the Appellees and that no action(s) had been taken which would otherwise waive their immunity.
The lower court granted summary judgment as to the Appellees. The Appellant followed with this appeal, asserting that the trial court erred in granting summary judgment on the basis of MISS. CODE ANN. § 41-13-11 (1972), and assigning the following as error:
1. SINGING RIVER HOSPITAL ENTERED INTO A CONTRACTUAL RELATIONSHIP WITH THE PLAINTIFF AND THEREBY WAIVED ITS IMMUNITY FROM SUIT FOR BREACH OF THAT CONTRACT.
2. BY REQUIRING EMERGENCY ROOM PHYSICIANS TO PURCHASE INSURANCE AS PART OF A CONTRACTUAL AGREEMENT WITH SUCH PHYSICIANS, SINGING RIVER HOSPITAL WAIVED IMMUNITY TO THE EXTENT OF THE INSURANCE COVERAGE PURCHASED.
3. THE BOARD OF TRUSTEES WAIVED IMMUNITY FOR SINGING RIVER HOSPITAL, THE BOARD OF TRUSTEES AND INDIVIDUAL BOARD MEMBERS BY ADOPTION OF A RESOLUTION OF INDEMNIFICATION.
4. SINGING RIVER HOSPITAL IS SELF-INSURED TO THE EXTENT OF ITS "EXCESS REVENUES" AND HAS THEREFORE WAIVED IMMUNITY.
5. THE PROPRIETARY/GOVERNMENTAL DISTINCTION IN REGARD TO SOVEREIGN IMMUNITY SHOULD BE EXTENDED TO APPLY TO COMMUNITY HOSPITALS.
6. THE INDIVIDUAL MEMBERS OF THE BOARD OF TRUSTEES ARE NOT ENTITLED TO IMMUNITY.

*953 II.
As mentioned earlier, this is the fourth case to be reviewed concerning the same issues of immunity raised in three prior cases against the same appellees. Further, and dispositive of this case, the arguments regarding the issues of immunity and summary judgment asserted by the appellant in the case sub judice were contended by the appellant in Womble v. Singing River Hospital, et al., 618 So.2d 1252 (Miss. 1993). We did not find the arguments in Womble urging reversal persuasive, nor do we find them so today.
Because the appellees/defendants are common, the appellant's issues and arguments are identical, and the applicable statute is the same as in Womble, that case controls the outcome of the case sub judice. Accordingly, the actions of the Jackson County Circuit Court were proper and the decision of that court is affirmed.
AFFIRMED.
HAWKINS, C.J., PRATHER, P.J., and SULLIVAN, PITTMAN, BANKS, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
McRAE, J., not participating.
NOTES
[1] Scarbrough v. Singing River Hospital System, et al., 621 So.2d 935 (Miss. 1993); Bond v. Singing River Hospital System, et al., 621 So.2d 933 (Miss. 1993); Womble v. Singing River Hospital, et al., 618 So.2d 1252 (Miss. 1993).