# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00573-SCT

*GRACE K. AIKENS AND JOSEPH W. AIKENS*

*v.*

*DR. DAYTON WHITES*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/20/2006 |
| TRIAL JUDGE: | HON. DALE HARKEY |
| COURT FROM WHICH APPEALED: | GEORGE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | MARGARET P. ELLIS |
| | JAMES W. KITCHENS |
| ATTORNEY FOR APPELLEE: | MATTHEW D. MILLER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 10/02/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE DIAZ, P.J., CARLSON AND GRAVES, JJ.**

**DIAZ, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This appeal is before the Court to consider the grant of summary judgment in a medical malpractice case.

## Facts

¶2.     On March 12, 1993, Grace Aikens was seen by the defendant, Dr. Dayton Whites, at the Community Medical Center in Lucedale, Mississippi.  After Dr. Whites performed a physical, he ordered a mammogram.  On March 17, 1993, the mammogram was performed.

¶3. After several weeks, Aikens requested the results of the mammogram, but was informed the results would not be provided until she produced all previous mammogram results obtained from other medical facilities. Aikens continued to request her test results until February 1994.

¶4. In February 1994, Aikens reached Dr. Whites by telephone and was informed her mammogram from the previous March revealed a presence of a six-millimeter oval density in the left breast. Dr. Whites then ordered a follow-up mammogram which revealed an increase in the mass of two millimeters. Further testing revealed the mass was malignant. As a result, Aikens was instructed to undergo surgery and a regimen of radiation therapy.

¶5. On March 17, 1995, plaintiffs filed their complaint against Dr. Whites, alleging medical malpractice arising out of the above-mentioned care. The plaintiffs claim that Aikens suffered damages that could have been prevented if Dr. Whites had timely provided the results of the mammogram. Also included was a loss of consortium claim on behalf of Aikens' husband. The complaint was amended on March 30, 1995.

¶6. Defendant filed his answer on April 28, 1995. The answer contained the affirmative defenses of failure to state a cause of action and contributory negligence. Discovery ensued, including more than ten depositions, one of which was the deposition of the plaintiffs' expert.

¶7. On May 1, 2006, Dr. Whites filed a motion for summary judgment, and for the first time raised the affirmative defense of immunity under Mississippi Code Section 11-46-1, *et. seq.*, because his practice had been purchased by George County Hospital in November 1992. Thereafter, the trial judge granted summary judgment in his favor.

## Issues

¶8. The plaintiffs argue that Dr. Whites waived the affirmative defense of MTCA immunity because of the unreasonable delay of eleven years in asserting the defense.

## Standard of Review

¶9. This Court employs a de novo standard of review of a lower court's grant or denial of summary judgment. *Heigle v. Heigle*, 771 So. 2d 341, 345 (Miss. 2000). The evidence must be viewed in the light most favorable to the party against whom the motion has been made, and the moving party bears the burden of demonstrating that no genuine issue of fact exists. *Id.* "[T]his Court looks at all evidentiary matters in the record, including admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 228 (Miss. 2005) (citing *Aetna Cas. & Sur. Co. v. Berry*, 669 So. 2d 56, 70 (Miss. 1996)). If there is no genuine issue of material fact, then the moving party is entitled to judgment as a matter of law. *Heigle*, 771 So. 2d at 345. On the other hand, "[i]f there is doubt as to whether or not a fact issue exists, it should be resolved in favor of the non-moving party." *Aetna*, 669 So. 2d at 70 (Miss. 1996) (citing *Ratliff v. Ratliff*, 500 So. 2d 981, 981 (Miss. 1986)).

## Discussion

¶10. Dr. Whites claims summary judgment was warranted because he is an employee of a community hospital. The Mississippi Tort Claims Act provides immunity to employees when acting within the course and scope of their employment. Miss. Code Ann. § 11-46-5 (Rev. 2002). Even so, the plaintiffs argue summary judgment was granted erroneously because the defendant waived immunity due to the unreasonable delay in pursuing the defense.

3

¶11. Our Court has held that MTCA immunity is an affirmative defense. *See City of Ellisville v. Richardson,* 913 So. 2d 973, 975 (Miss. 2005); *Dixon v. Singing River Hosp. Sys.*, 632 So. 2d 951, 952 (Miss. 1991). This Court has also recently held that "failure to actively and specifically pursue the Mississippi Tort Claims Act affirmative defense while participating in the litigation served as a waiver of the defense." *Estate of Grimes v. Warrington*, 982 So. 2d 365, 370 (Miss. 2008).

¶12. The facts of *Grimes* are very similar to those of this particular case. Grimes brought suit against the defendant for medical malpractice. Discovery ensued, and the defendant proceeded to engage in the discovery process. After five years, the defendant moved for summary judgment. The motion for summary judgment was based solely on the ground that the defendant was entitled to immunity as an employee of an entity covered by the Mississippi Tort Claims Act. *Id*. at 3. This court considered the defendant's participation in the litigation, coupled with the failure to pursue the affirmative defense, as a waiver. *Id.* at 15.

¶13. In the case at hand, the defendant participated in the litigation for eleven years. As this nearly doubles the time frame that constituted a waiver in *Grimes*, Dr. Whites' has waived his immunity defense. Therefore, the trial court erred by granting summary judgment.

## Conclusion

¶14. For the above-mentioned reasons, the trial court's grant of summary judgment is reversed and the case remanded for further proceedings.

¶15. **REVERSED AND REMANDED.**

**WALLER, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR. SMITH, C.J., NOT PARTICIPATING.**