**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 15, 2009

No. 08-11050
Summary Calendar

Charles R. Fulbruge III
Clerk

MD JORDAN YEE

Plaintiff - Appellant

v.

MD HAROLD K BALDWIN-PRICE, Medical Director, FMC Bureau of
Prisons; ERIC H HOLDER, JR , U S ATTORNEY GENERAL

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CV-53

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Dr. Jordan Yee filed this employment discrimination case against the
Clinical Director of the Bureau of Prisons's Federal Medical Center Carswell
("FMC Carswell") and the United States Attorney General. He alleged
discrimination due to his race, his national origin, and his disability. Relief was
sought under Title VII of the Civil Rights Act of 1964 and the Rehabilitation Act

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of 1973. The district court granted summary judgment in favor of the defendants. We AFFIRM.

Yee was employed as a psychiatrist at FMC Carswell at all times relevant to this case. Yee asserts that he was discriminated against on account of his race and national origin (Chinese) when (1) he was sent a letter of reprimand in October 1997 citing him for inattention to duty and explaining that any future misconduct would lead to disciplinary action, and (2) the FMC Carswell policy requiring psychiatrists to keep their doors open when not meeting with patients or discussing confidential information was enforced against him but not against one of his white colleagues. Yee further maintains that he was discriminated against on account of his disability (chronic hepatitis) when he was denied part-time work as a reasonable accommodation.[1]

In granting summary judgment in favor of the defendants, the district court found that Yee failed timely to exhaust his administrative remedies with respect to his claims because he did not consult with a employment discrimination counselor within forty-five days of the alleged acts. The court further concluded that Yee failed to establish a *prima facie* case of discrimination based on race or national origin. That was because there was no evidence that the alleged discriminatory acts constituted an adverse employment action or that a similarly situated employee outside of the protected class was treated more favorably. Finally, the court decided that Yee had not set forth a *prima facie* case of disability discrimination because there was no evidence that Yee had requested and been denied a reasonable accommodation.

---

[1] Yee also alleged the following discriminatory acts before the district court: (1) an August 1997 incident in which Yee was caught reclined in his office with his door closed and was required to report to the associate warden's office; (2) the charging of six hours of sick leave for time he was at work during the August 1997 incident; (3) the failure to provide immediate sick leave as a disability accommodation after the August 1997 incident; and (4) a racially hostile work environment. However, he has expressly abandoned these claims in his reply brief to this court.

We review a district court's summary judgment ruling *de novo*, applying the same standard as the district court. *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 469 (5th Cir. 2009). Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "On review of a grant of summary judgment, all facts and inferences must be construed in the light most favorable to the non-movant." *Agro Distribution*, 555 F.3d at 462 (citation omitted).

As an initial matter, Yee objects to a number of alleged procedural errors by the district court that he submits support reversal in this case. First, he contends that the defendants filed a motion to strike the documents that supported his response to the summary judgment motion without complying with a local rule. The local rule required a moving party to confer with opposing counsel before filing a motion to determine whether the motion is opposed. A certificate was to be submitted that stated the results of the conference. Yee argues that the reason for the defendants' failure to include the required certificate was to make the district court assume that Yee did not oppose the motion to strike. Yee further suggests that the district court overlooked the missing certificate and did not consider the documents in support of his response to the motion for summary judgment.

However, the district court did not ignore the documents submitted in support of Yee's summary judgment response. Rather, the court stated that it would not rule on the motion to strike and would instead give the documents in Yee's response "only such weight as they deserve." We resolve the issue on the basis that Yee did not present it to the district court. Because "arguments not raised before the district court are waived and cannot be raised for the first time

on appeal," we decline to address the issue. *See LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

Yee next argues that the defendants' reply brief in support of their summary judgment motion was five days late. Further, no leave of court or an extension of time was granted. Yee contends that the district court improperly ruled on the summary judgment motion without striking this untimely reply. Additionally, Yee argues that although the district court entered an order compelling the defendants to respond to a number of discovery requests, the district court improperly granted summary judgment before the deadline it gave the defendants for providing such discovery. Thus, he did not have an opportunity to review and rely on the discovery materials as a part of his response to the summary judgment motion. Again, these arguments were not raised before the district court and have been waived on appeal. *Id.* We note, though, that motions deadlines such as these are not rigid, and the district court has broad discretion to control its own docket and extend filing deadlines. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1997).

Shifting to the merits of the summary judgment ruling, the district court found that Yee failed to exhaust his administrative remedies regarding his discrimination complaints. Exhaustion of available remedies is required "before a federal employee may bring an employment-discrimination suit in federal court . . . ." *Hampton v. IRS*, 913 F.2d 180, 182 (5th Cir. 1990). As an initial step in the exhaustion process, the employee must "initiate contact with [an EEO] Counselor within 45 days of the date of the matter alleged to be discriminatory . . . ." 29 C.F.R. § 1614.105(a)(1). "Failure to notify the EEO counselor in [a] timely fashion may bar" the employee's claim. *Pacheco v. Rice*, 966 F.2d 904, 905 (5th Cir. 1992). Yee did not timely consult with an EEO counselor, and the court

found that the defendants did not do anything that would bar them from asserting failure to exhaust as an affirmative defense.

The exhaustion requirement is not jurisdictional, however, and is subject to the traditional equitable defenses of waiver, estoppel, and equitable tolling. *Id.* at 906. If informal counseling is not timely sought, "the plaintiff has the burden of demonstrating a factual basis to toll the period." *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988).

Yee asserts that the district court erred in concluding that he did not timely consult with an EEO counselor regarding an October 14, 1997 letter of reprimand. Yee contends that he did not receive the letter until sometime after Christmas Day 1997. After receiving the letter, he gave his union president, Torii Dawdy, a request for informal EEO counseling and asked Dawdy to put the letter in EEO counselor John Hartford's mailbox. Yee further maintains that Hartford was on extended leave when the request was placed in his box and that upon his return to work, he forwarded the request for processing on February 26, 1998. Yee submits that the defendants should not be able to rely on failure to exhaust as an affirmative defense because their actions prevented him from complying with the forty-five-day requirement.

Yee's arguments are claims of equitable estoppel or equitable tolling as a basis for excusing his failure timely to contact an EEO counselor after receiving the letter of reprimand. However, Yee has not offered any competent summary judgment evidence to support the application of such doctrines in this case. As support for his contention that he did not receive the letter dated October 14 until sometime after Christmas, Yee relies on a photocopy of an envelope addressed to him from FMC Carswell. It contains someone's handwritten notation that it was mailed on October 14, 1997. We assume that the defendants provided this photocopy to Yee in discovery. Yee theorizes that because no postage was on the envelope when it was copied, it must have been mailed

without any. Yee then speculates that the letter would have been returned to FMC Carswell and mailed again with postage. Those steps would have caused delays. Yee also relies on a copy of his discrimination complaint, which states that he first contacted John Hartford by letter on February 26, 1998, as support for his theory that his request for counseling was placed in Hartford's mailbox while Hartford was on extended leave and was received when Hartford returned to work around February 26, 1998.

There is not any usable evidence in the theories woven from the copy of a postage-free envelope and the complaint that Yee filed. Yee had to present facts to support tolling the period for informal EEO counseling or to excuse his failure to exhaust his administrative remedies in timely fashion. *See Blumberg*, 848 F.2d at 644. Summary judgment may be granted when "the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990) (phrase quoted in *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317, 332 (5th Cir. 2004)). Yee has rested only upon that here.

Yee next contends that the district court erred in finding that he failed to establish a *prima facie* case of disparate treatment. Yee asserts that the policy requiring psychiatrists to keep their doors open when not meeting with patients or discussing confidential information was enforced against him but not against one of his white colleagues, Dr. Lucking. To make a *prima facie* case that he suffered discrimination due to his race or national origin, Yee had to show that he was "(1) a member of a protected class; (2) qualified for the position held; (3) subject to an adverse employment action; and (4) treated differently from others similarly situated." *Abarca v. Metro. Transit Auth.*, 404 F.3d 938, 941 (5th Cir. 2005). The district court concluded that Yee had established neither the third nor the fourth element of a *prima* facie case. Yee argues that the October 14, 1997 reprimand letter satisfies the adverse employment action requirement

because it was later used as a basis to deny him part-time employment. However, as discussed above, Yee did not exhaust his administrative remedies regarding the letter. Therefore, it may not be used as a basis for his discrimination claim. Accordingly, Yee has failed to establish a *prima facie* case of discrimination based on disparate treatment.

Finally, Yee maintains that the district court erred in concluding that he failed to establish a *prima facie* case of discrimination arising from a disability. Yee contends that such discrimination occurred when he was denied part-time employment as a reasonable accommodation for limitations created by his disability. The defendants argue, however, that an accommodation of part-time work was not properly before the court. Rather, the only issue relating to a disability was whether discrimination occurred when Yee was denied immediate sick leave as an accommodation during the August 1997 incident.

Yee disagrees and argues that the part-time work issue was raised in his original complaint. We find no such claim. The district court had previously denied Yee's motion to amend his pleadings to include a part-time accommodation claim. Although Yee may have attempted to add such a claim through an amendment to his complaint, the district court denied Yee leave to amend. Yee has not argued that the district court erred in denying that motion. Even were such an argument before us, it would be relevant that Yee apparently did not exhaust his administrative remedies with respect to the claim. If that is so, amendment would have been futile. Leave to amend properly may be denied on the basis of futility. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 576 n.8 (5th Cir. 2005).

Finding no error, we AFFIRM the district court's grant of summary judgment in favor of the defendants.