RANDOLPH, Justice,
Specially Concurring.
¶ 16. Based upon Grimes v. Warrington, 982 So.2d 365, 369-70 (Miss.2008), I agree with the Majority “that UMMC’s participation in this lawsuit and its failure to raise Stuart’s noncompliance with the ninety-day requirement until two-and-a-half years later constitute waiver of that defense.” (Maj. Op. at ¶ 9). I further agree with the Majority that, because the pre-suit notice requirements of Mississippi Code Annotated Section 11-46-11 are waivable, they should not be considered jurisdictional. Finally, I agree with the Majority’s decision to overrule prior cases insofar as they “characterize the notice requirements set out in Section 11-46-11 as jurisdictional requirements.” (Maj. Op. at ¶ 11).
¶ 17. However, I part ways with the Majority’s decision to overrule Carr v. Town of Shubuta, 733 So.2d 261 (Miss. 1999). “ ‘Jurisdiction’ is a broad term, and has been defined in countless ways by courts. Generally speaking, it means the power or authority of a court to hear and decide a case.” Fitch v. Valentine, 946 So.2d 780, 783 (Miss.2007) (quoting Penrod Drilling Co. v. Bounds, 433 So.2d 916, 922 (Miss.1983)) (emphasis added). See also *551 Bullock v. Roadway Express, Inc., 548 So.2d 1306, 1308 (Miss.1989) (“[s]ubject matter jurisdiction relates to the power and authority of a court to entertain and proceed with a case”) (emphasis added). While the MTCA’s pre-suit notice requirements are not jurisdictional, neither are they merely “directive.” Jackson v. Lumpkin, 697 So.2d 1179, 1181 (Miss.1997) (incorrectly holding that the notice requirements are jurisdictional; correctly holding that such requirements are not simply “directive”). Instead, these notice requirements constitute “a condition precedent to filing particular kinds of lawsuits.” Wimley v. Reid, 991 So.2d 135,139 (Miss.2008) (emphasis added). See also Carr, 733 So.2d at 263 (the notice of claim requirements are “a prerequisite to filing suit... .”).[3] In short, the right to sue is conditioned upon fulfillment of the statutory notice requirements. “It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced .... ” Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc., 437 So.2d 15, 16 (Miss.1983) (quoting Georgia Pac. Ry. Co. v. Baird, 76 Miss. 521, 24 So. 195, 196 (1898)). Thus, in the absence of satisfying the statutory notice requirement, no right of action exists.
¶ 18. The pre-suit notice requirements of the MTCA are akin to federal statutory notice requirements in employment discrimination suits. For instance, under the Age Discrimination in Employment Act, “before an aggrieved party can commence a civil action on an age discrimination claim he must file a charge with [the] EEOC ‘within 180 days after the alleged unlawful practice occurred.’ ” Pruet Production Co. v. Ayles, 784 F.2d 1275, 1279 (5th Cir.1986) (quoting 29 U.S.C. § 626(d)(1)). See also Yee v. Baldwin-Price, 325 Fed.Appx. 375, 2009 WL 1361527, at *2 (5th Cir. May 15, 2009) (quoting Pacheco v. Rice, 966 F.2d 904, 905 (5th Cir.1992)) (“ ‘[fjailure to notify the EEO counselor in [a] timely fashion may bar’ the employee’s claim.”); Pietras v. Bd. of Fire Comm’rs of the Farmingville Fire Dist., 180 F.3d 468, 473 (2d Cir.1999) (“Title VII requires that plaintiffs file timely a charge with [the] EEOC. See 42 U.S.C. § 2000e-5(f).... After receiving such a ‘notice-of-right-to-sue’ letter, a plaintiff can bring a civil action against his or her employer. See 42 U.S.C. § 2000e-5(f)(3); 29 C.F.R. 1601.28(e)(1).”). In Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the United States Supreme Court determined that “filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.” Zipes, 455 U.S. at 393, 102 S.Ct. 1127 (emphasis added). In Ayles, the Fifth Circuit cited Zipes in finding that “[t]he timely filing of a charge is not a jurisdictional requirement in the sense that failure to do so deprives the district court of subject matter jurisdiction, but is akin to a limitations statute which a plaintiff must satisfy as a condition precedent to filing suit.” Ayles, 784 F.2d at 1279 (citing Zipes, 455 U.S. at 393, 102 S.Ct. 1127) (emphasis added). See also Yee, 325 Fed.Appx. 375, 2009 WL 1361527, at *2 (“[t]he exhaustion requirement is not jurisdictional, however, and is subject to the traditional equitable defenses of waiver, estoppel, and equitable toll- *552 ingThis Court has deemed the pre-suit notice requirements of the MTCA to be subject to estoppel, see Carr, 733 So.2d at 264-65, and to waiver. See Aikens v. Whites, 8 So.3d 139, 140-41 (Miss.2008); Grimes, 982 So.2d at 369-70. Thus, I find no language in Carr which requires overruling.
¶ 19. “While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions.” Arceo v. Tolliver, 949 So.2d 691, 697 (Miss.2006). Although the presuit notice requirements of Section 11-46-11 are not jurisdictional, their satisfaction is a necessary condition precedent to a plaintiffs right to file suit. However, that condition precedent can be waived, as in this case.

. Carr contains no statements by this Court that the pre-suit notice requirements of Section 11-46-11 are jurisdictional.